STATE OF NEW JERSEY AND/OR BOROUGH OF BELMAR, PLAINTIFF-APPELLANT, v. JAMES J. MARCHIONE, JOHN H. SCOTT, WILLIAM HIGGINS AND JOHN L. HIGGINS, DEFENDANTS-RESPONDENTS.

Decided September 25, 1950.

Mr. *Ward Kremer,* attorney for the plaintiff-appellant.

Mr. *Isaac C. Ginsburg,* attorney for the defendants-respondents.

PER CURIAM.    The failure of the appellant to file an appendix and the inadequacy of the brief filed by the appellant cannot be ignored by the Court.

Under the provisions of *Rule* 1:3–2(f) it is mandatory that the appellant's brief contain "an appendix (which may be bound separately) which, in addition to what is set out in *Rule* 1:3–1, shall contain such parts of the record material to the questions presented as the appellant desires the Court to read." *Rule* 1:3–1 specifically requires that "the appellant shall print as a part of his appendix in all causes the judgment, order or determination appealed from or sought to be reviewed or enforced; any opinion or charge of the court; the verdict and direction for the entry of judgment thereon; and the notice or notices of appeal. It shall not be necessary to print any other portion of the record on appeal except that in all causes other than those submitted on an Agreed Statement in Lieu of Record pursuant to *Rule* 1:2–22, the appellant shall print as a part of his appendix the pleadings, including the indictment or accusation in criminal cases."

These Rules permit of no exception and necessarily so, for every question raised on appeal must be determined on the basis of the record in the cause and it is entirely impractical for each of the Justices of the Court to make use of the original of the record filed with the Clerk of the Court. The importance of an appendix in the instant case is apparent, for we are called upon to determine the right of a municipality to take an appeal from a judgment of a county court holding an ordinance invalid, and yet, because no appendix was filed, we have before us neither the judgments appealed from nor the ordinance under attack. The default of the appellant in failing to file an appendix is especially inexcusable for we are advised that the sergeant-at-arms called the attention of appellant's counsel to the fact at the time the brief was filed.

Not only did the appellant fail to file an appendix as unequivocally called for by the Rules, but its brief filed in the cause is so inadequate as to be worthless. The appellant's entire argument is presently in exactly 70 lines. Only two cases are cited. The appellant failed even to cite *State v. Yaccarino*, 3 *N. J.* 291 (1949), a case in point in which its counsel likewise represented the appellant. Furthermore, no

mention is made of *Rule* 2 :11 which the respondents contend is dispositive of the case.

On December 19, 1949, the Court promulgated *Rule* 1 :3–12 providing for the suppression of non-conforming and inadequate briefs, experience and careful study by a special committee having clearly revealed that many briefs were failing to measure up to that high standard which has always prevailed in the appellate courts of this State. Since the adoption of this Rule the Court has been reluctant to enforce it because of the resulting embarrassment to counsel. It was hoped that the general existence of the Rule would be sufficient to bring about an improvement in the quality of the briefs by acting as a deterrent to those who might otherwise be tempted to be less than thorough and painstaking in their preparation. Such however has not been the case, as is so flagrantly illustrated by the briefs filed on this appeal.

Accordingly, it is ordered that this cause be stricken from the Argument List and pursuant to *Rule* 1 :3–12 that the briefs of both the appellant and the respondents be suppressed. The appellant is directed to serve and file a new brief, together with an appendix, within two weeks from the date hereof; the respondents to serve and file their answering brief within two weeks thereafter; and the appellant to serve and file its reply brief within one week thereafter, after which time the cause will again be placed upon the Argument List in accordance with *Rule* 1 :4–2.

*To suppress brief and strike case from argument list*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*Opposed*—None.