11 N.J. Super. 158 (1951)
78 A.2d 95
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BENNY BALDINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1950.
Decided January 2, 1951.
*160 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Wallace S. DePuy argued the cause for the plaintiff-respondent (Mr. Walter G. Winne, attorney).
Mr. Albert S. Gross argued the cause for the defendant-appellant (Mr. Frank J. Cuccio, attorney; Mr. Nicholas A. Carella, of counsel).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The defendant, Benny Baldino, appeals from his conviction by the Bergen County Court, sitting without a jury, on an indictment charging him with maintaining in the Borough of Lodi a place "for the purpose of prostitution, in violation of Title 2, Chapter 158, Section 2a, of the Revised Statutes."
The facts are not disputed and a detailed recital thereof is unnecessary. Suffice it to say, that, in response to a complaint, two investigators of the State Alcoholic Beverage Control Commission visited defendant's premises and while there, were approached by Baldino, who offered two girls to them for the purpose of illicit sexual intercourse for a stated price. One of the girls was escorted from the premises by an investigator to his automobile parked nearby, given the money she demanded, and was arrested when her intention became unmistakably clear. The defendant, a holder of a retail consumption liquor license, upon being taken into custody, freely admitted that he had arranged for prostitutes to frequent his tavern and introduced them to male customers for the purpose *161 of promoting illicit sexual relations; that he did not share in the fees charged by the prostitutes in their illicit indulgences. It is undisputed that the acts of prostitution were actually consummated at places other than on defendant's premises.
The statute (R.S. 2:158-2a) under which Baldino was indicted and convicted provides:
"Any person who shall:
"a. Keep, set up, maintain, or operate any place, structure, building, vehicle or conveyance for the purpose of prostitution, lewdness or assignation;

* * * * * * *
"Shall be guilty of a misdemeanor."
The question posed for our determination is solely a legal one. The defendant contends that while the arrangements for the commission of the illegal acts were made on his premises, no act of prostitution occurred there and, therefore, the proofs do not constitute the maintaining of a place for the purpose of prostitution within the spirit and meaning of the pertinent provision of the statute.
The State contends that the proofs support the conviction of the defendant as charged in the indictment; that the words of the statute "for the purpose of prostitution" encompass the maintaining of a place with the intent to promote the evil of prostitution and that the proof of that intent is sufficient to render one guilty without a showing that the parties committed the proscribed act of prostitution on the premises.
Under the common law it was not a crime for men and women to engage in fornication, prostitution or other immoral practices in private, and when engaged in such a manner as to create a public scandal and shock public morals, the practices became public nuisances. The resort to a public place for such immoral practices constituted the place a disorderly house. State v. Schlosser, 85 N.J.L. 165 (Sup. Ct. 1914); affirmed, 86 N.J.L. 374 (E. & A. 1914); Kilpatrick v. Edge, 85 N.J.L. 7 (Sup. Ct. 1913); State v. Williams, 30 N.J.L. 102 (Sup. Ct. 1862).
*162 It has been repeatedly held that the management of those vocations which minister to and feed upon human weaknesses, appetites and passions is a proper exercise of the police power of the State, and following the crusade against white slavery, a generation ago, the Legislature enacted a statute designed to suppress the evil of plying the trade of a prostitute and punish those who engage in or lend assistance to the promotion of this iniquitous conduct.
Prostitution in its general sense is the letting of one's self to indiscriminate sexual intercourse for gain. The language of the statute (R.S. 2:158-1 et seq.) was made sufficiently broad to eliminate the necessity of gain as an element of the crime. Lewdness at common law meant open and public indecency, but as used in the statutes imposing a punishment for open and gross lewdness and lascivious behavior, it is used in a broader sense and means the irregular indulgence of lust, whether public or private, and a place resorted to for the purpose of prostitution or lewdness is known as a house of assignation. 27 C.J.S., § 4, p. 306.
The purport of the statute in question, as we construe it, is to stamp out the evil of unlawful indulgences in lust, and lewd and lascivious conduct. Subsection (a) of the statute specifies a character of unlawful conduct which, in our opinion, creates a criminal offense that embodies three elements, viz.: keeping of the structure or place, the libidinous conduct therein in one of the designated forms, and, in order to render a person guilty of keeping such an establishment, the knowledge of the existence of such improper use. State v. Mausert, 85 N.J.L. 498 (Sup. Ct. 1914).
Webster's New International Dictionary (2d ed.) defines "purpose" as follows:
"That which one sets before himself as an object to be attained; the end or aim to be kept in view in any plan, measure, exertion, or operation; design; intention."
The New English Dictionary defines "purpose" as "that which one sets before oneself as a thing to be done or attained; the *163 object which one has in view; the object for which anything is done or made or for which it exists; the result or effect intended or sought; end; aim." Sawter v. Shoenthal, 83 N.J.L. 499, 500 (E. & A. 1912). Applying that definition to the charge against the defendant, the allegation would be that defendant maintained the premises with the object of having the alleged infamous conduct performed therein.
The defendant admits maintenance of the structure or place and knowledge of the character of conduct resorted to therein as well as his complicity in the promotion of the same. The infamous conduct alleged in the indictment is "prostitution." However, the record is clear that no act of this kind was committed on the premises. As a matter of fact, all testimony concerning indulgence in illicit sexual relations between the prostitutes provided by the defendant and the patrons of his bar indicates that the acts were performed outside the premises.
In that posture of the case, we find that defendant's conviction for maintaining a place "for the purpose of prostitution" is not supported by the proofs and that the judgment must be reversed. The statute in question denounces the commission of certain crimes and it must, therefore, be accorded a strict construction. State v. Brenner, 132 N.J.L. 607 (E. & A. 1945).
It will be noted that subdivision "a" of the statute in question denounces three separate and distinct crimes, viz.: maintaining a place for the purpose of (1) prostitution; (2) lewdness; or (3) assignation. We have discussed hereinabove the crimes of prostitution and lewdness. The definition accorded the word "assignation" in Webster's New International Dictionary (2d ed.) is, "an appointment of time and place for meeting or interview;  used chiefly of love interviews and now commonly in a bad sense." It is not within the scope of reasonable likelihood that, though incidental, one of the objects with which defendant operated his establishment was the facilitating of appointments for indulgences in illicit sexual intercourse as is condemned by subsection "a" of R.S. 2:158-2? However, the defendant was not indicted *164 for maintaining a house of assignation. Furthermore, R.S. 2:158-2 provides that:
"Any person who shall:

* * * * * * *
"d. Direct, take, or transport, or offer or agree to take or transport, any person to any place, structure, or building, or to any other person with knowledge or reasonable cause to know that the purpose of such directing, taking, or transporting is prostitution, lewdness, or assignation; or
"e. Procure or solicit or offer to procure or solicit for the purpose of prostitution, lewdness, or assignation; or"

* * * * * * *
"g. Engage in prostitution, or assignation or knowingly aid or abet prostitution, lewdness, or assignation 
"Shall be guilty of a misdemeanor."
As stated, it is clear that the Legislature intended to completely ban, in every aspect, the crimes denounced in the statute in question. Accordingly, it would appear from the record that the defendant's unlawful activities would be more properly classified under the foregoing subdivisions (d), (e) and (g). In view of the fact that the statute of limitations has not run as to defendant's offense or offenses, the State is not precluded from further indictment and prosecution of defendant, and thereby avoid thwarting the statutory prohibition on such infamous conduct.
The judgment is reversed.