29 N.J. Super. 11 (1953)
101 A.2d 575
CHARLES E. MITCHELL, DEFENDANT-APPELLANT,
v.
DOMINIC A. CAVICCHIA, DIRECTOR OF THE DIVISION OF ALCOHOLIC BEVERAGE CONTROL, PLAINTIFF-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1953.
Decided December 14, 1953.
*13 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Samuel B. Helfand argued the cause for the Director.
Mr. Frank M. Lario argued the cause for the defendant-appellant.
CLAPP, S.J.A.D.
Two charges were preferred against the defendant in the Division of Alcoholic Beverage Control. The first was that, in violation of a regulation of the Division, the defendant allowed or suffered lewd entertainment to be put on in a cafe he owns and operates in Burlington, New Jersey; and the second charge was that, in violation of N.J.S.A. 33:1-35, he hindered and delayed an investigation made by the Division as to the conduct of the cafe's business. The Director found against the defendant on both charges, and the defendant appeals.
The first point on the appeal is that the findings of the Director as to both matters are against the weight of the evidence. Appellant, in flagrant violation of R.R. 1:7-1(f), has printed about ten per cent of the transcript of the testimony. That rule makes it mandatory upon the appellant to print those portions of the record which he reasonably assumes will be relied upon by respondent in meeting the issues he raises. Feddock v. New Jersey Realty Company, 28 N.J. Super. 400 (App. Div. 1953); Grove v. Grove, 21 N.J. Super. 447, 455 (App. Div. 1952). The rule has point particularly on the issue now raised. We cannot pass upon the weight of the evidence unless there is placed before us the evidence pro and con.
However, even though we are not bound to do so, State v. Marchione, 5 N.J. 340, 341 (1950), we have taken the trouble to examine the transcript of the testimony filed with the clerk of the court. We conclude  whatever test is to be *14 applied in reviewing administrative findings, New Jersey State Bd. of Optometrists v. Nemitz, 21 N.J. Super. 18 (App. Div. 1952)  that there is ample evidence to sustain the findings here.
Appellant assails the testimony of one of the two investigators for the Division who appeared as witnesses, on the ground that he had been drinking, and on certain other grounds. But the testimony of the other investigator, which, except for 21 lines, is not printed in the appendix, sufficiently corroborates him on both charges before us. It is said that the entertainment, which was the subject of the first charge, was not lewd. State v. Brenner, 132 N.J.L. 607 (E. & A. 1945); State v. Baldino, 11 N.J. Super. 158 (App. Div. 1951). There is no need to detail the evidence here either with respect to the matter of lewdness or with respect to the charge that the defendant hindered and delayed an investigation. The arguments are without any merit.
Appellant urges next that there should be a reversal because the Director failed to promulgate rules under that provision of N.J.S.A. 33:1-35, which forbids any hindering or delaying of an investigation conducted by the Division. The notion is that the statute is inoperative unless there are rules specifying what sorts of acts are to constitute the hindrance or delay prohibited thereby. No authorities are cited.
The statute does not require rules in all cases. On the contrary N.J.S.A. 33:1-39, though it permits rules with respect to "investigations," gives the Commissioner authority only to make such general rules and regulations "as may be necessary." Besides a license may be suspended although no rule has been violated; N.J.S.A. 33:1-31 authorizes the Director to suspend a license because of the violation of any provision of N.J.S.A. 33:1.
It has been held that there is no rigid principle requiring an administrative agency to lay down rules and standards spelling out every wide grant of authority it receives. Securities and Exchange Comm. v. Chenery Corp., *15 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995 (1946); cf. Davis, Administrative Law, p. 556 (1951). On the other hand a court might strongly deprecate this view and even perhaps strike down, except in unusual circumstances, any attempt at pricking out such standards, point by point, in ad hoc administrative determinations; a court might feel that an agency, like a legislature and unlike a court, should, so far as reasonably possible, make law prospectively and not retroactively. See Report of United States Attorney General's Committee on Administrative Procedure in Government Agencies, Senate Document No. 8, 77th Congress, 1st Session, p. 29, 225. But we do not get to those problems here. We are not dealing with a broad grant of administrative power, given in general terms. We are dealing with the legislative command appearing in N.J.S.A. 33:1-35, which is sufficiently precise so as not to require  so far as the present situation goes  regulations to lay out its terms. Rules are designed to close up the interstices in the law, but they are not called for here. Neither the licensee looking about in order to determine how to govern his own conduct, nor a court passing upon the arbitrariness of the Division's actions, requires any specificity as to what acts constitute a hindrance or delay of an investigation.
The final point is that the penalties meted out by the Director, namely, 30 days on the first charge and an additional 15 days on the second charge, were unduly harsh. It is settled law  and indeed conceded by the defendant  that it is within the sound discretion of the Director to determine how long a defendant's license is to be suspended because of any violation. In re Larsen, 17 N.J. Super. 564, 573 (App. Div. 1952). The contention that the penalties here are so harsh as to constitute an abuse of discretion is without any merit. Traymore of Atlantic City, Inc. v. Hock, 9 N.J. Super. 47 (App. Div. 1950).
Affirmed.