30 N.J. Super. 143 (1954)
103 A.2d 613
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES TUFFEL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 1954.
Decided March 12, 1954.
*145 Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. James Tuffel, defendant-appellant, pro se.
Mr. C. William Caruso for the State (Mr. Charles V. Webb, Jr., attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Defendant appeals pro se from a conviction of robbery, contending: (1) a confession on his part, which was put into evidence, was given involuntarily; (2) a State's witness perjured himself; (3) the court's charge misstated the facts in one important respect and failed to provide the jury with appropriate instructions on the matter of reasonable doubt; and (4) the verdict is against the weight of the evidence.
Defendant has brought before us but a small part of the testimony taken. This deficiency in the record stands in the way of each of the contentions made here.

1.
A confession is admissible in evidence if it was voluntarily made and does not violate the standard of "fundamental fairness" upon which the Fourteenth Amendment *146 of the United States Constitution proceeds. Whether or not it meets these tests is a question for the court, and the court's determination of the matter will not be upset if there is adequate evidence to sustain it. State v. Pierce, 4 N.J. 252 (1950); State v. Cooper, 10 N.J. 532 (1952). Here the court's ruling on the matter must stand because defendant has given us but a portion  we do not know how much  of the relevant testimony on the point. In that situation it cannot be said by us that the evidence on the question was inadequate.
Moreover, the portion of the transcript furnished us by defendant does not indicate that the statement was involuntary or an infringement of the due process clause. The circumstances (which are alleged, but in no way established) that defendant was not arraigned promptly, that at the time of the interrogation he was not advised of his privilege against self-incrimination, that he was denied counsel at that time, and the further circumstance (which was established) that seven policemen were present then, of whom more than one questioned him, do not of themselves render the confession inadmissible. This is settled law. State v. Pierce, supra; State v. Grillo, 11 N.J. 173 (1952).

2.
Defendant contends the State's witness, Columbus Shack, perjured himself in that he claimed he saw defendant on a Friday and Saturday whereas in fact defendant was then in jail. The truth of the matter cannot be determined from the record given us because there is no indication therein as to the dates of that Friday and Saturday. Obviously, with so little before us, we cannot ascribe to the prosecutor, as the defendant would have us do, an intent to produce perjurious testimony.

3.
The trial court, in its charge, stated that the witness, Joseph Majett, had testified that on the way to the holdup *147 the defendant was in the holdup car with Frank Conklin and Joseph Bellina. Defendant claims this witness testified only that "two white fellows" were in the car and the witness did not say it was the holdup car. Only a small portion of Majett's testimony is in the appendix, and we therefore cannot pass upon the matter. Even assuming the truth of defendant's assertion, there is no reversible error here. Such mention as was made by the trial judge of the evidence in the case, including Majett's testimony, was not in any way made binding on the jury. On the contrary the judge instructed the jury clearly and emphatically that if what he said in that regard did not conform with their recollection of the testimony, they were to disregard his observations and rely upon the proofs as they remembered them. State v. Block, 119 N.J.L. 277, 281 (Sup. Ct. 1938), affirmed 121 N.J.L. 73 (E. & A. 1938).
The charge as to the matter of reasonable doubt is nearly the same as that found in State v. Centalonza, 18 N.J. Super. 154, 162 (App. Div. 1952), which was held up there as a "model of clarity."

4.
The last contention is that the verdict is against the weight of the evidence. Obviously we cannot set aside a verdict as against the weight of the evidence with only a fraction of the evidence before us. Mitchell v. Cavicchia, 29 N.J. Super. 11 (App. Div. 1953).
Affirmed.