119 N.J. Super. 124 (1972)
290 A.2d 315
IN THE MATTER OF THE APPLICATION OF ROBERT FORTENBACH, PETITIONER.
Superior Court of New Jersey, Essex County Court, Law Division  Criminal.
Decided April 19, 1972.
*125 Mr. Philip N. Sobel for petitioner.
Mrs. Gloria H. Murphy, Assistant Prosecutor, for the State (Mr. Joseph P. Lordi, Prosecutor of Essex County, attorney).
KAPP, J.C.C.
This is an application by petitioner Robert Fortenbach to expunge the record of his arrest on August 21, 1960 in the City of Newark for lewdness and indecent dress, for the reason that the complaints to which he had pleaded "not guilty" were dismissed; the indecent dress charge in the municipal court and the charge of lewdness by the grand jury on January 25, 1961. There is no subsequent record of an arrest or conviction of any criminal or quasi-criminal offense.
The petitioner is 40 years of age; he has been a resident of Newark for many years. He is engaged in the construction industry as an asbestos worker and claims that while working for the Newark Housing Authority he was discharged when his employer learned of his arrest for lewdness in 1960 even though that complaint against him had been dismissed. He states that his supervisor had informed him that he, in turn, had been instructed by the superintendent of construction to terminate his employment because of the odious nature of the offense for which he had been arrested.
Fortenbach contends that he has thereby been deprived of the opportunity to compete fairly in the labor market. He alleges that on subsequent occasions, whenever the record of his arrest had surfaced, he was likewise prejudiced and denied employment.
*126 Lewdness is an indictable offense. It is defined as the "irregular indulgence of lust, whether public or private." State v. Baldino, 11 N.J. Super. 158, 162 (App. Div. 1951). The police record in the case at bar is suggestive of some form of sexual aberration. It is readily conceivable that a prospective employer would look askance and hesitate to engage an individual who carries the stigma of an arrest by the authorities for a sex offense, albeit his later exoneration of the charge.
The relief which the petitioner seeks is bottomed upon N.J.S.A. 2A:164-28, which, in its pertinent part, provides that:
In all cases wherein a criminal conviction has been entered against any person whereon sentence was suspended, or a fine imposed of not more than $1,000, and no subsequent conviction has been entered against such person, it shall be lawful after the lapse of 10 years from the date of such conviction for the person so convicted to present a duly verified petition to the court wherein such conviction was entered, setting forth all the facts in the matter and praying for the relief provided for in this section.
Upon reading and filing such petition such court may by order fix a time, * * * for the hearing of the matter, * * * and if no material objection is made and no reason appears to the contrary, an order may be granted directing the clerk of such court to expunge from the records all evidence of said conviction and that the person against whom such conviction was entered shall be forthwith thereafter relieved from such disabilities as may have heretofore existed by reason thereof, excepting convictions involving the following crimes: treason, misprison of treason, anarchy, all capital cases, kidnapping, perjury, carrying concealed weapons or weapons of any deadly nature or type, rape, seduction, aiding, assisting or concealing persons accused of high misdemeanors, or aiding the escape of inmates of prisons, embracery, arson, robbery or burglary. * * *
He contends that while the statute merely relates to the record of a "conviction," it is reasonable to infer that it was the intent of the Legislature that an arrest, which usually precedes conviction for a criminal offense, should also be brought within the ambit of its beneficent scope and considered for expungement.
It is common knowledge that when a person applies for employment and responds to a question concerning any *127 previous arrests  that have not led to convictions  he actually places himself in double jeopardy, facing, without procedural safeguards, a "second trial" in which he is then and there called upon to establish his innocence against a presumption of guilt. Many persons with arrest records do not even qualify for such a second "trial," since the disclosure of any previous arrests disqualify them pro se and instanter. Employment agencies tend to make no distinction between persons with arrest records and those with convictions, and most employers equate both categories and brand them as bad employment risks.[1] Ordinarily it is difficult to prove that the arrest record of an applicant was the cause for rejection, but in the present case petitioner had already been employed and then discharged, but only after intelligence concerning his arrest was brought to the attention of his employer.
Since the passage of N.J.S.A. 2A:164-28, supra, the Legislature has enacted remedial legislation which expresses the current trend to delete the "legal stigma" that attaches to persons who have been arrested and convicted of certain offenses, so as to relieve them of that disability and thereby obtain gainful employment.[2]
More recently our Legislature demonstrated its awareness of and concern for the severity of the record of an arrest and conviction, particularly in the case of first and youthful *128 offenders, for the violation of the Narcotic and Controlled Dangerous Substance Drugs Act by the enactment of N.J.S.A. 24:21-27 and N.J.S.A. 24:21-28 (1970).[3]
In Brandon v. Montclair, 124 N.J.L. 135 (Sup. Ct. 1940), aff'd 125 N.J.L. 367 (E. & A. 1940), Justice Heher rightly noted that:
A statute often speaks as plainly by inference, and by means of the purpose which underlies it, as in any other manner. That which is clearly implied is as much a part of the law as that which is expressed. [at 142]
See also, Pine v. Okzewski, 112 N.J.L. 429 (E. & A. 1933); In re Loch Arbour, 25 N.J. 258 (1957); Dvorkin v. Dover Tp., 29 N.J. 303 (1959); Juzek v. Hackensack Water Co., 48 N.J. 302 (1966).
Clearly, then, since the statute authorizes, under certain conditions, the expungement of a conviction for "lewdness," a fortiori why not the arrest? Here the maxim, omne majus continet in se minus, which Broom, Legal Maxims (8th Amer. ed. 1882) at 177, translates for us as "The greater contains the less," seems appropriate.
It should be noted that only a conviction for an indictable offense carries any legal significance. State v. *129 Blinsinger, 114 N.J. Super. 318, 320 (App. Div. 1971). This was tellingly illustrated in Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957), wherein the court stated:
The mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct. An arrest shows nothing more than that someone probably suspected the person apprehended of an offense. When formal charges are not filed against the arrested person and he is released without trial, whatever probative force the arrest may have had is normally dissipated. [at 241, 77 S.Ct. at 757]
Likewise, an indictment has no probative or evidential value. It is a mere accusation and raises no presumption of guilt. As expressed by Justice Case in State v. Ellenstein, 121 N.J.L. 304, 312 (Sup. Ct. 1938), the indictment "proves nothing," "carries no element of guilt," and does not in any degree "take from the accused his presumption of innocence." Similarly, in Coyne v. United States, 246 F. 120, 121 (5 Cir.1917), the court stated that it was "not uncommon for entirely innocent persons" to be indicted, and that the indicted person was to be presumed innocent until his guilt was established "by legal evidence beyond a reasonable doubt, in a court of competent jurisdiction." See 3 Wigmore on Evidence (3d ed. 1940), § 980(a). See also, State v. Orecchio, 16 N.J. 125, 132.
Factually, petitioner has maintained an unblemished record since the time of his arrest. But, in consequence of that arrest, he has suffered the loss of economic benefits and psychological embarrassment. Moreover, in Roesch v. Ferber, 48 N.J. Super. 231, 249-250 (App. Div. 1957), the court expressed the view that
* * * each case should be decided on its own facts, for it is conceivable that a case justifying relief might arise. * * * We have seen that courts recognize that situations may possibly arise where the equitable relief such as that sought here may be warranted. However, the equities must be strongly in favor of the complainant for this court to interfere with the valid administrative procedures of our law enforcement agencies. *130 Here the injury is real and the equities involved justify relief.
In view of the foregoing, the record of petitioner's arrest on August 21, 1960 for lewdness and indecent dress is expunged, within the contemplation of N.J.S.A. 2A:164-28, supra, and the information concerning that record shall not hereafter be disseminated or made available to any other governmental or private agency or person.
NOTES
[1] See Hess and Le Poole, "Abuse of the Record of Arrest Not Leading to Conviction," 13 Crime and Delinquency 494 (1966).

The Duncan report entitled "Report of the Committee to Investigate the Effect of Police Arrest Records on Employment Opportunities in the District of Columbia" (1967), found that the use of arrest records by prospective employers was widespread, and the consequences of a person having been arrested, even if the charges were subsequently dismissed, were severe. The report recommended that the commissioners adopt rules prohibiting the dissemination to employers of records of arrests where no conviction resulted. Morrow v. District of Columbia, 135 U.S. App. D.C. 160, 417 F.2d 728 (1969).
[2] N.J.S.A. 2A:169-11 provides that the record of conviction of disorderly persons may be expunged after five years from the date thereof, provided there has been no subsequent criminal conviction.
[3] N.J.S.A. 24:21-27 provides that a person convicted for the first time under any law relating to narcotic drugs, marijuana, stimulant, depressant, or hallucinogenic drugs may be placed on probation. Upon fulfillment of the terms and conditions of supervisory treatment the court shall terminate the supervisory treatment and dismiss the proceedings without adjudication of guilt. The proceedings shall not be deemed a conviction for purposes of disqualifications or disabilities, if any, imposed by law upon conviction of a crime or disorderly persons offense.

N.J.S.A. 24:21-28 provides that a person who at the time of the offense was 21 years old or younger may after a period of at least six months upon the expiration of the probationary term petition the court to expunge the record of his arrest, trial and conviction. The effect of such an order shall be to restore such person, in the contemplation of the law, to the status he occupied prior to such arrest and trial, and he shall not be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest or trial in response to any inquiry made of him for any purpose.