123 N.J. Super. 526 (1973)
303 A.2d 896
IN THE MATTER OF THE APPLICATION OF BRENDA RAYNOR FOR EXPUNGEMENT OF DISORDERLY PERSONS CONVICTION.
Superior Court of New Jersey, Appellate Division.
Submitted April 3, 1973.
Decided April 23, 1973.
*527 Before Judges KOLOVSKY, MATTHEWS and CRAHAY.
Mr. Barry W. Benefield, attorney for appellant.
Mr. George F. Kugler, Jr., Attorney General, attorney for respondent State of New Jersey, amicus curiae (Mr. Robert W. Gluck, Deputy Attorney General, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, filed a statement in lieu of brief on behalf of respondent State of New Jersey.
The opinion of the court was delivered by MATTHEWS, J.A.D.
The question raised on this appeal is whether N.J.S.A. 2A:169-11, which provides for the expungement of a record of conviction for a disorderly persons offense, includes within its terms the expungement of the record of arrest for such an offense as well. The trial judge read the statute as not permitting expungement of arrest records. We affirm.
The statute in question reads in pertinent part as follows:
* * * an order may be granted directing the clerk of the court wherein such conviction was entered to expunge from the records all evidence of said conviction and that the person against whom such conviction was entered shall be forthwith thereafter relieved from such disabilities as may have existed by reason thereof. [Emphasis added]
Petitioner was arrested and convicted in 1965 in the municipal court for shoplifting. She was fined $25. The record discloses that she has not been arrested or convicted for any offense since her conviction. She testified that she had experienced difficulties in obtaining employment because of her record for shoplifting. At the hearing the chief identification officer of the Newark Police Department testified that although petitioner's conviction was expunged from the record, *528 the record of her arrest was still kept. He also stated that the record of petitioner's arrest was not available to the general public but only to the other law enforcement agencies.
Petitioner relies on In re Fortenbach, 119 N.J. Super. 124 (Cty. Court 1972), as authority for the relief she seeks. In Fortenbach, which involved N.J.S.A. 2A:164-28, a statute similar to N.J.S.A. 2A:169-11, the only difference being that it provides for the expunging of the record of a criminal conviction, the County Court judge read the statute to include the arrest record as well. We are not, however, persuaded by his reasoning and do not follow it in construing the statute presently before us.
We are satisfied that the Legislature intended by the language it employed in the statute to limit the right of expungement to a record of conviction. The record of arrest is not mentioned and we find its inclusion as an object of expungement may not fairly be found to be implied.
Our reading of the statute is reinforced by the action of the Legislature in its current session in adopting a bill which would permit a person who has been arrested for any offense in this State to petition for the expungement of his arrest record, or of any proceedings or evidence of detention relating to that arrest, when the arrest resulted in a dismissal of the proceedings, in an acquittal, or in a discharge of the proceedings without a conviction. The bill (Assembly 227) also provided that after expungement, the arrest or any proceedings related thereto would be deemed not to have occurred and the arrested person would be entitled to answer in the negative when asked whether he had been arrested.
Assembly 227 was conditionally vetoed by Governor Cahill on March 2, 1973. In his veto message the Governor found the proposed legislation to create an immediate conflict with the need of law enforcement authorities to maintain records necessary to fulfill their functions in the prevention and detection of crime.
*529 The issue presented here is most appropriately one properly solved by the legislative and executive arms of our government. The decision to be made involves the tools law enforcement agencies require to exercise their powers of investigation. The problem was explicitly and succinctly set out in Governor Cahill's veto message:
The primary objective of any expungement statute is to insulate the person from any disabilities or adverse effects resulting from the information sought to be expunged. The only danger in maintaining arrest records is the possible effects of dissemination of the fact of the arrest or the practical necessity that an arrested person must indicate that he has been arrested on employment applications.
The possible adverse effects of an arrest record can be prevented without physically destroying the information or removing it from police files. Police records can be sealed so that there will be no dissemination and provision can be made so that an arrested person, whose arrest record has been sealed, can answer in the negative when an application for employment requests information concerning that arrest. Sealing, therefore, achieves the purposes of both the police and the arrested person. It enables law enforcement agencies to retain the record for their needs and protects the arrested person from the possible adverse effects resulting from the arrest.
In some situations where an arrest does not result in a conviction, neither expungement nor sealing should be permitted. For example, if a plea bargaining agreement results in the dismissal of unrelated offenses involving separate arrests, those arrest records are, and will continue to be, extremely meaningful and useful to the police despite the dismissal of the offense. There is no justifiable reason why such information should not continue to be used as it is presently being used.
Affirmed.