125 N.J. Super. 103 (1973)
308 A.2d 674
STATE OF NEW JERSEY, PLAINTIFF,
v.
FRANK CAMPOBASSO, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided August 2, 1973.
*105 Mr. Ronald L. Taht, Cape May Assistant Prosecutor, for plaintiff.
Mr. John F. Callinan for defendant (Messrs. Perskie & Callinan, attorneys).
Mr. George F. Kugler, Jr., Attorney General amicus curiae (Mr. Robert W. Gluck, Deputy Attorney General, of counsel and on the brief).
STALLER, J.C.C., Temporarily Assigned.
On September 7, 1971 Frank Campobasso was arrested and convicted for violation of N.J.S.A. 24:21-20(b) as a disorderly person, being under the influence of a controlled dangerous substance and he now moves to expunge the records of his arrest and conviction pursuant to N.J.S.A. 24:21-28.
At the time of arrest and conviction Campobasso was 18 years old and it was his first offense. The municipal court judge found him guilty, suspended sentence and ordered defendant to "leave town."
Since his arrest and conviction Campobasso has not been convicted of any subsequent offense, either under N.J.S.A. 24:21-1 et seq. or any other statute. In March 1973 he entered the Harry Lundeburg School of Seamanship at Piney Point, Maryland. Later that month he was "forced out of school because it was learned that [he] had a criminal *106 record." He may not re-enter the school until and unless his record of arrest and conviction is expunged.
Campobasso meets all requirements to have his record expunged except that no term of probation was imposed upon him at the time of sentence.
Decision was reserved after argument on the motion because the statute, N.J.S.A. 24:21-28, on its face appears to require a term of probation before the running of a period of not less than six months prerequisite to the application to expunge. Counsel were requested to present briefs on the issue of expungement where no probationary term was given, and the Attorney General as amicus curiae has also submitted a brief on this issue. All agree that defendant should have his arrest and conviction expunged.
The portion of the statute providing for expungement reads as follows:

24:21-28 Expunging of records of young offenders placed on probation.
After a period of not less than 6 months, which shall begin to run immediately upon the expiration of a term of probation imposed upon any person under this act, such person, who at the time of the offense was 21 years of age or younger, may apply to the court for an order to expunge from all official records, except from those maintained under the Controlled Dangerous Substances Registry, as established and defined in the Controlled Dangerous Substances Registry Act of 1970, all recreations of his arrest, trial and conviction pursuant to this section. If the court determines, after a hearing and after reference to the Controlled Dangerous Substances Registry, that such person during the period of such probation and during the period of time prior to his application to the court under this section has not been guilty of any serious or repeated violation of the conditions of such probation, it shall enter such order. The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied prior to such arrest and trial. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest or trial in response to any inquiry made of him for any purpose. [emphasis supplied]
It appears that the statute requires that expungement be granted only where a defendant had been given a probationary *107 term in his sentence, and that during that term and during the subsequent period prior to application defendant has not been guilty of any serious or repeated violations of the conditions of such probation.
The statute breathes of probation, yet such a requirement can create gross inequity, as in the case of defendant here. For example, a defendant who is considered by a court to be in need of a term of probation may have his arrest and conviction expunged if all other requirements of section 28 are met. But a defendant who is not found to be in need of a term of probation cannot get expungement.
In the light of such a potential for inequity, what could have been the intention of the Legislature in enacting section 28 wth probation as a prerequisite to expungement?
In its formative stages the Controlled Dangerous Substances Act of 1970 was first introduced as Senate Bill 851 on May 7, 1970, sponsored by ten Senators. The Senate Journal of 1970 references to the bill, in at least five places, are unremarkable as to legislative intent relative to section 28. References to the bill in the Assembly Minutes of 1970 are likewise bare of indications of legislative intent as to section 28. The record of a public hearing on the bill, held September 9, 1970, lends no assistance, nor does any other investigation reveal any information that section 28, as it pertains to probation, was specifically injected to accomplish any definite objective referable to probation per se. It is to be concluded that legislative intent as it relates to the provision of probation in section 28 cannot be ascertained from any of the records or history of the bill. It is to be noted, however, that the Assembly declared the entire bill to be an emergency measure on October 8, 1970, and it was finally passed on the same day, approved October 19, 1970, and became effective on the 90th day following its enactment.
Unquestionably the Legislature, "presumably aware of the increased experimentation with marihuana among our *108 younger generation, provided procedures by which a one time experimenter may be freed of the stigma and burdens which a conviction of a disorderly person offense would entail." State v. Haynie, 115 N.J. Super. 417, 419 (Cty. Ct. 1971), see also, N.J.S.A. 24:21-27. This policy embodied in the statute outweighs the apparent necessity to keep arrest and conviction records in order that our criminal justice system operate effectively. In re Raynor, 123 N.J. Super. 526 (App. Div. 1973).
In light of this policy it becomes encumbent upon this court to construe N.J.S.A. 24:21-28 as to whether the Legislature intended a mandatory term of probation as a prerequisite to expungement.
It is clear that in interpreting a statute, if a literal reading of a part will lead to a result not in accord with the essential purpose and design of the act, the spirit of the law will control the letter of the law. N.J. Builders, etc., Ass'n v. Blair, 60 N.J. 330, 338 (1972): Dvorkin v. Dover Tp., 29 N.J. 303, 315 (1959). It has also been held that if a legislature's intent is in doubt, then the law should be interpreted to be most consonant with equity and the common sense of the situation. Jersey City Chapter, Property Owners, etc., Ass'n v. City Council, 55 N.J. 86, 100 (1969); Dvorkin, 29 N.J. at 315. In San-Lan Builders, Inc. v. Baxendale, 28 N.J. 148 (1958), Justice Heher wrote, in regard to municipal regulative legislation:
These regulations are to receive a reasonable construction and application, to serve the plan and course of action of the lawgiver; and in this quest for the true intention of the law, the letter gives way to the obvious reason and spirit of the expression, and to this end the evident policy and purpose of the act constitute an implied limitation on the sense of general terms and a touchstone for the expansion of narrower terms. The will of the lawgiver is to be gathered from the object and nature of the subject matter, the contextual setting, and the mischief felt and the remedy in view. Scholastic strictness is to be avoided in the search for the legislative intention. The particular terms are to be made responsive to the essential principle of the law. It is not the words but the internal sense of the act that controls. Reason is the soul of law. [at 155]
*109 It is apparent that the Legislature did not foresee the problem presented to this court by the factual situation now before it. Undoubtedly if such a problem had been contemplated by the Legislature, there would be no need for a decision on the issue. But when a judicial interpretation of a statute, unclear or incomplete on its face, is made, such an interpretation calls upon the court for a "sympathetic response consonant with what one may have presumed the legislature would have said had it indeed spoken." N.J. Builders, etc., Ass'n v. Blair, supra, 60 N.J. at 339. Chief Justice Weintraub has written of that judicial response:
It is the proper function, indeed the obligation, of the judiciary to give effect to the obvious purpose of the Legislature, and to that end "words used may be expanded or limited according to the manifest reason and obvious purpose of the law. The spirit of the legislative direction prevails over the literal sense of the terms." Alexander v. New Jersey Power & Light Co., 21 N.J. 373, 378 (1956) * * * [New Capitol Bar and Grill Corp. v. Div. of Employment Security, 25 N.J. 155, 160 (1957)]
See Caputo v. The Best Foods, 17 N.J. 259, 264 (1955). A court may, in fact, respond in its interpretation to the point of avoiding specific statutory language to escape a result that it believes inconceivable to think the Legislature intended. Sandler v. Bd. of Adjustment, Springfield Tp., 113 N.J. Super. 333 (App. Div. 1971); In re Marvin, 97 N.J. Super. 62 (App. Div. 1967).
It is inconceivable to this court that the Legislature intended, when it passed the act containing N.J.S.A. 24: 21-28, to make it the public policy of this State to allow the expungement of the arrest and conviction records of a one-time youthful drug offender and in the same statement of that public policy take away that right from the persons who are most deserving of the benefit of that act, namely, the convicted offender who has not been deemed by the court to be in need of probation.
*110 N.J.S.A. 24:21-28 is unlike N.J.S.A. 2A:164-28, wherein only a conviction may be expunged, and then only after a waiting period of ten years. See In re Fortenbach, 119 N.J. Super. 124 (Law Div. 1972); State v. D'Angerio, 124 N.J. Super. 240 (Law Div. 1973). Nor is it like N.J.S.A. 2A:169-11, wherein a disorderly persons conviction record, but not an arrest record, can be expunged after five years. In re Raynor, supra. Rather, section 28 provides that after a period of only six months after expiration of probation both the conviction record and the arrest record of the defendant shall be expunged. Again, the policy of alleviating, from the one-time youthful drug offender, the stigma of an arrest and conviction can be seen in the shortness of the waiting period between conviction and expungement and in the thoroughness of the expungement process.
For the reasons stated above, this court reads N.J.S.A. 24:21-28 to require the six-month waiting period for expungement to begin running at the expiration of the probation period, if such a probation period is imposed. However, if no probation period is imposed, the arrest and conviction records may still be expunged, and that expungement process may be instituted at the expiration of a period of six months from the time of conviction or disposition.
To hold otherwise would bring about situations where counsel for youthful offenders would be pleading with the court to place their clients on probation even though not required, so that they would be in a position to apply for expungement. This, in turn, would bring about a deluge of probation cases otherwise not needed. This court cannot imagine that the Legislature intended that courts must impose probation in every case where a one-time youthful offender commits a disorderly persons offense. Probation is a matter within the discretion of the court. It should be imposed where circumstances impel the court to provide supervision without incarceration. Where the court finds *111 that neither incarceration is required nor supervisory help needed, such a finding by the court must not impede the ultimate availability to the youthful offender of the right of expungement.
Frank Campobasso, having met all of the terms of N.J.S.A. 24:21-28 although no probationary term was imposed, and a period of much more than six months having elapsed since his conviction during which time he had led an exemplary life demonstrating high moral character, good citizenship and a will to seek a career for his future, his record of arrest and conviction pursuant to N.J.S.A. 24:21-28 must be expunged.
Submit Order.