## WESLEY EARL RANSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 13363

October 19, 1983 670 P.2d 574

*Frank J. Cremen,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant of one count each of robbery with the use of a deadly weapon, burglary and open or gross lewdness. At trial, the victim testified that appellant entered her home without her permission, armed with a long-blade knife. Upon entering the home, appellant took a gun from the victim, and then forced her to partially undress at gunpoint. Appellant then began fondling the victim's breasts and buttocks, and at one point bit the victim's buttock's. Shortly thereafter, appellant left the home, taking with him the victim's gun.

Appellant contends that the crime of open or gross lewdness as set forth in NRS 201.210 requires that the crime be committed in a public place. He asserts first that the indictment with which he was charged was therefore defective since it did not allege that the crime was committed in a public place, and secondly, that the evidence presented at trial was insufficient to sustain his conviction of open or gross lewdness since the evidence clearly established that the offense was not committed in a public place.

 

The crime of "open or gross lewdness" as set forth in NRS 201.210 has not been defined by the Nevada Legislature. As appellant correctly points out, when an offense has not been defined by the legislature, we normally look to the provisions of the common law relating to the definition of that offense. *See* NRS 193.050(3). At common law, it was necessary to prove that the offense of "lewdness" was committed in a public place. *See, e.g.,* State v. Dorsey, 316 A.2d 689 (N.J. 1974); State in Interest of L.G.W., 641 P.2d 127 (Utah 1982); *see generally* 3 Wharton's Criminal Law, § 315 (14th Ed. 1980).

 ██

It is generally accepted, however, that when a legislature uses the term "open" to modify the term "lewdness," as the Nevada Legislature has done, it intends to broaden the common law definition to include acts which are committed in a private place, but which are nevertheless committed in an "open" as opposed to a "secret" manner. *See* Commonwealth v. Wardell, 128 Mass. 52, 35 Am.Rep. 357 (1880); State v. Baldino, 78 A.2d 95 (N.J.Super.Ct.App.Div. 1951); *see generally* 50 Am.Jur.2d, *Lewdness, Indecency, Etc.,* § 1 (1970). *Contra* Everett v. Commonwealth, 200 S.E.2d 564 (Va. 1973) (crime of open and gross lewdness must be committed in a public place).

We therefore conclude that it was sufficient that appellant committed the present lewd acts in an "open" fashion, clearly intending that his acts be offensive to his victim. *See* Commonwealth v. Wardell, *supra.* Accordingly, appellant was properly charged and convicted of the offense of "open or gross lewdness."

[Headnote 5]

Appellant's other contention on appeal has been considered and is without merit.

The judgment of conviction is therefore affirmed.