An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CESAR CORNEJO,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,<br>Respondents,<br>   and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 66636<br><br>**FILED**<br><br>OCT 0 8 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges an order of the respondent district court denying a pretrial petition for a writ of habeas corpus.

A writ of mandamus will not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. Here, petitioner has another remedy—a direct appeal in the event that he is convicted, NRS 177.015(3); NRS 177.045—but that remedy may not be adequate to address the alleged error in the grand-jury proceeding because any error likely will be rendered moot by a jury verdict. *Clay v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 305 P.3d 898, 901 (2013). Although a writ of mandamus therefore may be issued to address a violation of grand-jury procedures, *id.*, the writ is an extraordinary remedy and it is within this court's discretion to determine if a petition will be considered. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't Transp. v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-33401

*Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). We decline to exercise that discretion in this case for three reasons.

First, petitioner waited over 5 months after the district court denied his petition to seek relief in this court, thus suggesting no urgency, strong necessity, or important issue that requires our intervention. *Cf. Schuster v. Eighth Judicial Dist. Court*, 123 Nev. 187, 190, 160 P.3d 873, 875 (2007) ("Where the circumstances establish urgency or strong necessity, or an important issue of law requires clarification and public policy is served by this court's exercise of its original jurisdiction, this court may exercise its discretion to consider a petition for extraordinary relief.").

Second, petitioner has not provided an adequate appendix. He has not provided a copy of the order of the respondent judge, which appears to have been entered on April 23, 2014, or all parts of the record before the respondent judge "that may be essential to understand the matters set forth in the petition." NRAP 21(a)(4). For example, petitioner has not provided the indictment, the grand-jury transcript (which appears to have been filed in the district court on March 12, 2014), or a transcript of the April 14, 2014, hearing in the district court on the pretrial habeas petition.[1] The omission of the written order and necessary parts of the

---

[1]Petitioner indicates that the petition will be supplemented "with necessary transcripts once they become available." There is no indication, however, that petitioner has requested the preparation of any transcripts, and the relevant hearing occurred more than 5 months ago, so there has been more than sufficient time for petitioner to obtain the transcript.

According to the petition, the State filed a return to a writ issued by the district court. It is unclear whether the return included a substantive

*continued on next page . . .*

district court record make it difficult for this court to entertain the petition. In particular, we cannot evaluate the basis for the district court's decision and whether it reflects a clearly erroneous interpretation or application of the law, *see State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion), or whether, assuming there was any error or omission in the prosecutor's instructions to the grand jury under NRS 172.095(2), a properly instructed grand jury could have found slight or marginal evidence to return an indictment on the child-abuse-and-neglect charges, *see Clay*, 129 Nev. at ___, 305 P.3d at 906.

Third, the limited documents provided could support the conclusion that the district court did not manifestly abuse its discretion. Those documents indicate that the prosecutor provided the grand jury with instructions on the specific elements of the public offenses that they were considering as required by NRS 172.095(2). In particular, the grand jury was instructed on the elements of child abuse and neglect using the statutory language set forth in NRS 200.508(1); the definition of "abuse or neglect" as set forth in NRS 200.508(4)(a);[2] and a definition of "open and gross lewdness," *see* NRS 201.210; *Young v. State*, 109 Nev. 205, 215, 849 P.2d 336, 343 (1993); *Ranson v. State*, 99 Nev. 766, 767-68, 670 P.2d 574,

---

*. . . continued*

response to the pretrial petition as petitioner has not included it in his appendix.

[2]The instruction did not include the references to the statutes that define the various types of "abuse or neglect," but those citations would not have added anything substantive to the instruction.

575 (1983); *see also Berry v. State*, 125 Nev. 265, 280-83, 212 P.3d 1085, 1095-98 (2009), *overruled on other grounds by State v. Castaneda*, 126 Nev. ___, 245 P.3d 550 (2010), which is an offense that constitutes "sexual abuse" for purposes of NRS 200.508(4)(a) (incorporating definition of "sexual abuse" set forth in NRS 432B.100). Although petitioner suggests that the statutory definitions of "physical injury" and "mental injury" that apply to NRS 200.508 are technical and do not reflect a layperson's common understanding of those terms such that an instruction on the statutory definitions would be required under NRS 172.095(2), *cf. Clay*, 129 Nev. at ___, 305 P.3d at 905 (addressing need to provide statutory definition of "physical injury" under NRS 200.508), it is not clear that those provisions are at issue in this case. Rather, this case appears to be based on "sexual abuse" to establish "abuse or neglect," not "physical injury" or "mental injury." While petitioner indicates that consistent with *Clay*, the prosecutor had to provide the statutory definition of "sexual abuse" in order to comply with NRS 172.095(2), the prosecutor did instruct the grand jury on the definition of open and gross lewdness, which constitutes "sexual abuse" for purposes of NRS 200.508(4)(a), *see* NRS 432B.100. Thus, without resolving the issue on the merits, clear legal error suggesting a manifest abuse of discretion does not appear from our review of the record provided.

For these reasons, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk