## ARCHIE HARRIS *v.* STATE TAX COMMISSION

John H. Kottkamp, Pendleton, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered November 28, 1967.

EDWARD H. HOWELL, Judge.

Plaintiff appeals to this court from an order of the State Tax Commission which dismissed plaintiff's petition on the grounds that it was not filed within the time allowed by ORS 306.520 which provides in part:

"(1) Any taxpayer aggrieved by an act or omission of a county assessor or tax collector which affects his property * * * may, within six months after the act or omission becomes actually known to the taxpayer * * * appeal to the

State Tax Commission by filing a petition for review * * *."

Plaintiff is the owner of a cattle feed lot near Milton-Freewater in Umatilla County. Plaintiff testified that he filed his personal property return with the Umatilla County Assessor and reported 3,696 mixed steers and heifers on hand as of January 1, 1965. Prior to May 1 plaintiff sold and shipped 3,165 head of the cattle included in the January 1 inventory. On or about May 1, 1965, the plaintiff went to the assessor's office and executed an affidavit for an assessment cancellation pursuant to the processor's statute, ORS 308.250 which in general provides for a cancellation of assessment for that part of the plaintiff's January 1 cattle inventory which was shipped for slaughter before May 1 of the year of assessment. Subsection (4) of ORS 308.250 provides that the cancellation of assessment will be allowed by the assessor upon receipt of proof on or before May 15 that the personal property was shipped.

The plaintiff testified he executed an affidavit in the assessor's office on a form provided by the assessor which listed the type and number of cattle on hand on January 1, the type and number shipped for slaughter before May 1 and the balance remaining on hand and that he had followed this procedure for approximately fifteen years. He also testified that an employee of the assessor's office assisted him in preparing the form, that he left the form with the assessor's office and was not given a copy or other evidence that he had duly claimed the assessment cancellation.[1]

---

[1] Since the incident the assessor's office follows the practice of giving the claimant a copy of the affidavit for his files.

Plaintiff also testified that he discovered he had not been given credit for the cattle shipped before May 1 and that his personal property taxes were based on his January 1, 1965, cattle inventory when he went to the Umatilla County tax collector's office to pay his taxes in January, 1966. At that time he went to the assessor's office and they advised him that they could not find his affidavit for assessment cancellation, that it had been lost or misplaced and that they would "take care of it." Later the plaintiff returned to the assessor's office and was advised by the assessor that they were still unable to locate the original affidavit, that he should make an affidavit that he had made a timely filing of the original affidavit for assessment cancellation and "that would take care of the situation." Plaintiff executed such an affidavit on September 26, 1966, and delivered it to the assessor's office. Under date of October 19, 1966, plaintiff received a letter from the Umatilla County Assessor to the effect that any request regarding relief on the personal property cancellation would have to be presented to the State Tax Commission.

Plaintiff filed his appeal to the tax commission on November 17, 1966. On June 19, 1967, the tax commission denied plaintiff's petition on the grounds that it did not have jurisdiction because plaintiff did not file with the commssion within six months after the act or omission became known to him as required by ORS 306.520, *supra.*

In support of this position the commission contends that the plaintiff should have known of the act or omission of the assessor when he received his November 15, 1965, tax statement, or if not then, that he had notice in January, 1966, when he was advised by the

assessor's office that they could not find his affidavit for assessment cancellation for the cattle sold between January 1, 1965, and May 1, 1965.

■ The difficulty with this argument is that the six months statute of limitations mentioned above does not start to run until "the act or omission becomes actually known to the taxpayer." The plaintiff testified that he did not open his tax statement until he went to the tax collector's office to pay his taxes in January, 1966. Also it was at this time that he questioned the assessor's office about the failure to give him credit for the cattle sold between January 1 and May 1 and was advised that the affidavit had been lost or misplaced and they would take care of it. It could hardly be said that he had actual knowledge of an act or omission at that time if his testimony is accepted that the assessor's office felt it was misplaced and that they would take care of it. It is concluded that the plaintiff did not have actual knowledge of the alleged act or omission until October 19, 1966, when he was advised by the assessor that any relief would have to come from the tax commission. As plaintiff filed with the tax commission on November 17, 1966, he was within the six months statute of limitations provided in ORS 306.520.

■ The next issue constitutes a question of fact as to whether plaintiff executed and delivered the affidavit for assessment cancellation with the assessor's office as he contends. At the trial counsel agreed that the only issue was whether he had filed within the time allowed by ORS 306.520 and that there was no issue as to the number of cattle shipped and the amount of taxes.

Defendant's witnesses testified that they could not

say that plaintiff did not execute the affidavit, only that it could not be found in plaintiff's personal property file. They also conceded that this was the only year that their records indicated that plaintiff had not filed the affidavit for personal property tax cancellation.

This court finds as a fact from the testimony of all the witnesses that plaintiff timely executed the affidavit for assessment cancellation and that he is entitled to the relief requested in his complaint.