## ARCHIE HARRIS, dba HARRIS FEEDLOT
### *v.* COMMISSION

John H. Kottkamp, Kottkamp & O'Rourke, Pendleton, Oregon, represented plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for defendant rendered May 27, 1969.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from the tax commission's opinion and order which held that the plaintiff was not

entitled to a cancellation of personal property tax assessment.

ORS 308.250, commonly known as the processor's statute, provides for the cancellation of personal property tax assessments for cattle which were on hand on January 1 and shipped for slaughter before May 1 of the year of assessment. The assessor is directed to cancel the assessment "on receipt of sufficient documentary proof that the personal property * * * was shipped * * * before May 1." The required proof must be furnished on or before May 15.

The plaintiff, who operates a cattle feed lot near Milton-Freewater in Umatilla County under the assumed business name of Harris Feedlot, properly filed his personal property tax return for the year 1968-69 and showed $546,000 worth of cattle on hand as of January 1, 1968. He contends that in order to obtain the cancellation of assessment he went to the assessor's office on April 30, 1968 to report the number of cattle he had shipped since January 1, 1968. He testified that one of the clerks in the assessor's office told him she could not prepare the necessary form and that it would be mailed to him. The plaintiff admits that nothing more was accomplished and the claim for the cancellation was never filed. The plaintiff alleges that he did everything necessary to qualify for the cancellation of assessment with the exception of filing the form required by the assessor, and that he was prevented from doing so by the actions of the assessor. Based on these facts the plaintiff alleges that the assessor and the tax commission should be estopped from denying the cancellation of assessment.

■ At the outset the plaintiff is confronted with the rule that the doctrine of equitable estoppel against taxing authorities should be applied only in rare in-

stances. *Johnson v. Tax Commission*, 248 Or 460, 435 P2d 302 (1967), affirming, 2 OTR 504 (1967). In *Johnson* the assessor supplied the taxpayer with an outdated form which erroneously stated that the taxpayer had until June 6 of the assessment year in which to file the necessary form to receive the cancellation. The form actually was required to have been filed by May 15. Relying on the form furnished by the assessor, the taxpayer was late in filing the claim. The assessor and tax commission denied the cancellation and plaintiff appealed to this court. This court and the Oregon Supreme Court held that the assessor should be estopped from denying the claim for the cancellation of assessment. Regarding the principle of equitable estoppel in tax cases the Supreme Court stated:

> "* * * The policy of efficient and effective tax collection makes the doctrine of rare application. It could only be applied when there is proof positive that the collector has misinformed the individual taxpayer and the taxpayer has a particularly valid reason for relying on the misinformation and that it would be inequitable to a high degree to compel the taxpayer to conform to the true requirement. * * *" 248 Or 460, 435 P2d 302, (1967).

■ Unlike *Johnson*, the facts in the instant case are insufficient to invoke equitable estoppel against the assessor. The facts do not show by "proof positive" that the assessor's office misinformed the plaintiff and that the plaintiff was entitled to rely on the actions of the clerk in the assessor's office.

This is the second time that the plaintiff and the Umatilla County Assessor's office have had difficulty over the plaintiff's claim for cancellation of assessment for cattle shipped from his feed lot. The plaintiff

has been in this court before in a case involving his right to a cancellation of assessment for cattle shipped before May 1, 1965. *Harris v. Commission,* 3 OTR 133 (1967). In that case he contended he had gone to the assessor's office where a deputy assisted him in filling out the form provided by the assessor for claiming the cancellation. The form consisted of an affidavit which listed the type and number of cattle on hand on January 1, 1965, the number shipped before May 1, and the balance on hand. The plaintiff testified that he left the form with the assessor's office. The assessor and the tax commission denied that plaintiff had filed the claim for cancellation. This court ruled in favor of plaintiff and found that plaintiff had filed the claim with the assessor's office and was entitled to the cancellation.

In the instant case the plaintiff testified that he had moved to Vancouver, Washington, and on April 30, 1968, he went to the Umatilla County assessor's office to execute the form provided by the office for claiming the cancellation. He told the clerk at the counter that he was there to file the affidavit regarding the cattle shipped since January 1, 1968. Plaintiff displayed a cardboard card approximately 3 x 7 inches in size. The following printed material appeared on the front of the card:

WALLA WALLA LIVESTOCK
COMMISSION COMPANY

2210 East Isaacs—Walla Walla, Washington
Sale Every Wednesday

A GOOD PLACE TO BUY AND SELL
LIVESTOCK

On the back of the card plaintiff had written the number of steers and heifers he had shipped and the

name and location of the buyer. The card was not dated, although the words "Jan, Feb, Mar and Apr" were written thereon. The card was not signed. The plaintiff asked to see Mr. White, the office manager for the assessor. The clerk advised him that Mr. White was not in and that she had no authority to prepare the form. Plaintiff then went to the tax office to pay part of his real property taxes and while the clerk was computing the interest due plaintiff returned to the assessor's office. The clerk stated that Mr. White had not returned. The clerk also stated that she did not know where the forms were kept and that she did not know how to prepare them. He asked her to have Mr. White mail the forms to his office at the feed lot in Milton-Freewater. He returned to the tax office, paid a portion of his taxes and again returned to the assessor's office. Mr. White was not there so plaintiff returned to Vancouver.

The plaintiff testified that he advised his office manager that the forms would be mailed. The forms were not mailed to plaintiff nor his office manager, and on June 1 plaintiff received a letter from the assessor's office advising him that he had not filed his claim for the cancellation of assessment for 1968.

The defendant denies that plaintiff was in the assessor's office on April 30. Plaintiff was unable to identify the clerk who waited on him on that date. The assessor testified that there had been no changes in office personnel during the period involved. The three deputies who generally worked at the counter testified that they did not recall the plaintiff being in the office on or about April 30, that they were familiar with the forms and that they had not advised anyone that they had no authority to prepare the forms

or that it was necessary to see Mr. White or the assessor for the preparation of such forms.

ORS 308.250 does not refer to the execution of any particular document in order for the taxpayer to be entitled to the cancellation. The statute requires the assessor to cancel the assessment "upon sufficient documentary proof" that the property was shipped by May 1.

While the form used by the assessor's office for claiming the assessment cancellation consists of an affidavit to be signed by the claimant, the assessor's office manager testified that a letter signed by the claimant setting forth the facts, including the amount of cattle shipped, would generally be considered sufficient proof to allow the cancellation.

■ Assuming that the plaintiff did go to the assessor's office and display the card mentioned, such action does not amount to the furnishing of sufficient documentary proof to entitle plaintiff to the cancellation.[1] The card was not signed nor was it left with the assessor. The card did not associate the information on the back of the card with the Harris Feedlot, but instead referred to the Walla Walla Livestock Commission Company in Walla Walla, Washington.

■ Neither would the action of the clerk in advising plaintiff that she did not know where the forms were located, had no authority to prepare them and would send one of the forms to plaintiff's office in Milton-Freewater, constitute sufficient grounds for estoppel. The plaintiff here was not misinformed by the assessor's office like the plaintiff in *Johnson v. Tax Commission, supra,* and was not entitled to rely on a

---

[1] The records maintained in the tax office showed that the plaintiff was there on April 30, 1968, and made payments on his real property taxes as he testified.

statement of the clerk that one of the forms would be sent to plaintiff's office in Milton-Freewater. In addition to having several years' experience in operating the feed lot and claiming the cancellation of assessment, the plaintiff knew from his previous experience with the assessor and his case in this court that the burden was on him to produce the necessary documentary proof that the cattle had been shipped. To the plaintiff this meant the execution of the affidavit form provided by the assessor.

The plaintiff testified he was in the assessor's office on April 30. The last day for filing the claim for cancellation of the assessment was May 15. The plaintiff testified that he did not attempt to contact the assessor's office again during this period. Neither did he contact his office in Milton-Freewater to determine if the form had been received and if it had been completed and returned to the assessor's office.

The failure to secure the cancellation of assessment was not the result of misinformation supplied by the assessor's office and relied upon by the plaintiff. The plaintiff failed to supply the sufficient documentary proof of shipment which ORS 308.250 requires the taxpayer to furnish the assessor on or before May 15 of the year of assessment.

The order of the tax commission is affirmed.