# HAL BYER
*v.*
## DEPARTMENT OF REVENUE

### LESTER W. ERB, dba LEISURELAND MOBILE HOMES, *Intervenor*

Jackson L. Frost, District Attorney for Linn County, represented plaintiff.

James D. Manary, Assistant Attorney General, Salem, represented defendant.

C. S. Emmons, Emmons, Kyle, Kropp & Kryger, Albany, represented intervenor.

Decision for plaintiff rendered July 29, 1977.

CARLISLE B. ROBERTS, Judge.

ORS 306.545 provides that a county assessor "aggrieved by and directly affected by an order of the Department of Revenue * * *" may appeal to the Oregon Tax Court. The plaintiff, the County Assessor of Linn County, Oregon, has appealed from the defendant department's Order No. VL 76-387, dated June 7, 1976. The question presented turns on the meaning of the words "receipt of sufficient documentary proof that the mobile home was sold before May 1 of the year of assessment," found in ORS 308.250, providing for the cancellation of personal property tax assessment in certain cases.

The basic facts are not disputed. The intervenor and taxpayer is a mobile home dealer who began doing business in Albany, Oregon, in 1975. He had conducted a similar business in both Marion and Polk Counties, Oregon, in prior years. ORS 308.290 requires that every person "owning, or having in possession or under control taxable personal property shall make a return thereof to the assessor of the county in which such property has its situs for taxation; * * *" on or before March 3 of each year. However, ORS 308.250 provides:

"(4) If any mobile home more than eight feet in width as defined in ORS 481.021 is assessed on January 1, and was being held in stock or trade by a manufacturer or dealer for sale or exchange, the assessor shall cancel the assessment of the mobile home *on receipt of sufficient documentary proof* that the mobile home was sold before May 1 of the year of assessment." (Emphasis supplied.)

A special form is supplied by the county assessor to mobile home dealers for use both in reporting inven-

tory under ORS 308.290 and for claiming exemption under ORS 308.250. It is prepared and furnished to the assessors by the defendant Department of Revenue, designated Form A&A-O-117 (1-72), and contains printed instructions as follows:

"(1) Prepare in triplicate—fill in the columns for manufacturer's name, trade name or model * * * year model, serial number, size * * * and cost.

"(2) Send original to the county assessor along with the personal property return which is due on or before March 3. Retain the second and third copies.

"(3) Prior to May 15, fill in the column on the second and third copies for 'Name and address of person or firm to whom sold' for those mobile homes sold before May 1. Send second copy to the county assessor on or before May 15.

*DEALERS:* Attach copy of the contract or [sic] sale or bill of sale for each mobile home sold.

*MANUFACTURERS:* Attach copy of the invoice pertaining to the sale of each mobile home.

"(4) Retain the third copy for your own record."

In addition to these instructions, the form contains the pertinent Oregon law, reproducing ORS 308.250(4), (5) and (6).

On May 15, the intervenor mailed to the Linn County Assessor a list of the names and addresses of the persons to whom he had sold mobile homes prior to May 1. The list was set out on a duplicate copy of the previously filed 1975 personal property report of mobile homes on hand on January 1, 1975. The duplicate copy was not signed, but the original report was apparently signed on February 25, 1975, and the replica of this signature appeared on the duplicate copy. No copies of contracts of sale or bills of sale or other forms of proof were attached to the completed form.

In a stipulation filed by the parties on May 12, 1977, they agreed that the statement of facts set forth in the Department of Revenue's Order No. VL 76-387 could be considered by the Tax Court as evidence in

this proceeding. The court finds and relies on the following statement made therein:

"The Linn County personal property appraiser responsible for such cancellations [of mobile home assessments] testified that the office did not, and had not, accepted such a list as sufficient documentary proof of mobile home sales. Rather, the Assessor's office requires that mobile home dealers requesting cancellations attach copies of bills of sale or contracts for sale to the duplicate personal property report. Instructions to this effect are set forth on the form.

"* * * * *

"Mr. Cox [an employee of the county assessor] stated that had the bills of sale or contracts for sale been supplied within a 'reasonable' time, the cancellation would have been made. They were never supplied and the cancellation was not made."

Testimony at the departmental hearing was in conflict whether the assessor's office staff had sought to apprise the taxpayer (intervenor) of his failure to carry out the printed instructions completely.

On an appeal to the Department of Revenue, the Deputy Director held that the cancellation of the assessment of the subject properties must be made as requested by the intervenor. He relied on (1) the customs of the Polk and Marion County Assessors' offices to accept the statements on the form without proof; (2) the fact that if the taxpayer's statement on the form was incorrect, the assessor could check the records of the Oregon Motor Vehicles Division of the Department of Transportation; (3) the treatment of the question of documentary proof in the case of *Harris v. Commission,* 3 OTR 440 (1969); and (4), as stated in the defendant's opinion: "Probably most important is the fact that the list was left at the Assessor's office. This gives the Assessor the opportunity to pinpoint any discrepancies which might arise."

The county assessor has appealed, stating (amended complaint, ¶ V):

"No filing by the Taxpayer on or before May 15, 1975,

included any contract or bill of sale for each mobile home sold prior to May 1, 1975, although (1) the form as provided by Plaintiff and used by Taxpayer in making his filing noted that such documentation was required, and (2) it was and had been the policy of Plaintiff, for more than five years, to require such documentation as proof that the mobile home was sold before May 1 of the year of assessment."

In his amended complaint, ¶ VIII, the plaintiff states: "The findings and order of Defendant will require Plaintiff to reduce the assessments of Taxpayer, contrary to the lawful authority and responsibility of Plaintiff."

■ A search of the Oregon decisions reveals no instance of the construction of the words "sufficient documentary proof," found in ORS 307.340 and 308.250, or of ORS 481.270(2), which uses the expression "documentary proof," to assist the court in the present suit. The form provided by the assessor to the taxpayer under ORS 308.250, once executed, can be described as a "document" (Black's Law Dictionary 568 (4th ed 1957)), and it is also "documentary evidence," defined in Black's Law Dictionary 568 as:

"Evidence supplied by writings and documents of every kind in the widest sense of the term; * * *. Such evidence as is furnished by written instruments, inscriptions, documents of all kinds, and also any inanimate objects admissible for the purpose, as distinguished from 'oral' evidence, or that delivered by human beings viva voce. *People v. Purcell,* 22 Cal.App.2d 126, 70 P.2d 706, 709."

But "evidence" admissible in a court or for the purposes of a county assessor is not "proof" per se. Proof is the effect of evidence, the establishment of a fact by evidence. Evidence may be false and therefore not a logically sufficient reason for assenting to the truth of a proposition advanced. *See* Black's Law Dictionary 1380, *supra,* and 34 West, Words and Phrases, *Proof* 583 (1957), distinguishing "proof" from "evidence," citing cases.

The statute, ORS 308.250, in subsection (2) and (4), requires that a taxpayer supply "sufficient documentary proof" and subsection (5) provides that "[n]o cancellation of assessment under subsection (2) or (4) of this section shall be made unless the required proof is furnished to the assessor * * *." The Department of Revenue's official form, supplied to the assessors (with the intention that it be used by the assessors), specifies the documentary proof which the department deemed acceptable for the purposes of the act; *i.e.,* copies of the contracts of sale or copies of the bills of sale for each mobile home sold.

The Department of Revenue has very great powers conferred upon it by the Legislative Assembly. Its formal instructions and orders to assessors must be obeyed by those important county officials. *State ex rel. v. Smith et al.,* 197 Or 96, 252 P2d 550 (1953); *State ex rel Galloway v. Watson,* 167 Or 403, 118 P2d 107 (1941); *Col. R.-L. Bridge Co. v. Wellington,* 140 Or 413, 13 P2d 1075 (1932). ORS 306.220 requires every public officer, including the county assessor, to "comply with any lawful order, rule or regulation of the department * * *," in connection with the department's examination and testing of the work of the county assessors at any time. But with its powers come duties. ORS 306.120 speaks of methods "best calculated to secure uniformity according to law, in the system of assessment and collection of taxes." ORS 306.150 requires the department to carry on a program of in-service training for the assessors and tax collectors of the various counties "as in the opinion of the director may be expedient and beneficial to the needs of the state and the advancement of the tax assessing and tax collecting professions."

ORS 305.100 places a particular power and a particular burden upon the department in providing that it shall "[m]ake such rules and regulations it deems proper to regulate its own procedure and to effectually carry out the purposes for which it is

constituted," and to "[p]rescribe all forms of books and blanks used in the assessment and collection of taxes not otherwise prescribed by law and change the forms of blanks and books prescribed by law in case change is necessary."

The department, utilizing its powers, has prescribed a form to be used by the county assessor for the purpose of supplying the needs of retailers of motor vehicles and mobile homes in filing the required personal property tax return respecting such units on or before March 3 of the assessment year, the second copy of which is to be used in the filing for personal property tax relief with respect to the same units if sold before May 1 of the assessment year. The statute provides for the submission of "documentary proof" and the defendant department, in its form, has specified that dealers shall attach a copy of the contract of sale or bill of sale for each mobile home sold, in support of the claim.

The county assessor was under a duty to enforce the provisions which the department, under the statute, had required of a taxpayer. This was done by the plaintiff in the present instance.

"* * * Rules [of an administrative agency] must be appropriate, reasonable, within the limitations of the law for the enforcement of which they are provided. They must be consistent with the law and of such a nature as to tend to its enforcement. [Citations omitted.]" (*McCarthy v. Coos Timber Co.,* 208 Or 371, 390, 302 P2d 238, 247 (1956).)

The department's instructions on the pertinent form should and do meet the foregoing criteria for rules. On the other hand, the reasoning in the department's written opinion and order, from which appeal to this court was taken, is not convincing. It subverts a praiseworthy statement made by its predecessor, the State Tax Commission, in the latter's Eleventh Biennial Report to the Legislative Assembly, 1929-1930, at 6-7, in which the former commission discussed its

enlarged powers and duties under Or Gen Laws 1929, ch 465:

> "* * * In Oregon, as elsewhere, it seems to be generally agreed that the state has a definite and positive duty to perform in seeing that laws of assessment and taxation, like other laws both civil and criminal, shall be fully and impartially administered.
>
> "* * * * *

> "Therefore, in attempting to perform what it regards as its real duty in tax equalization, the commission has organized a definite and continuing program of work at the very base of the property tax structure, where individual and primary assessments are made. This program contemplates the employment of standardized methods in making appraisals and inventories to determine true values of particular properties for purposes of taxation. As the work proceeds, it is confidently expected that lazy practices and indifferent methods, the deep-rooted causes of tax inequalities, will gradually fade from the picture."

■ The customs of Polk and Marion Counties do not meet the statutory requirements of proof and should not be sanctioned by the defendant. The department's reliance on *Harris v. Commission, supra,* is misplaced. (That case merely finds that the taxpayer hadn't complied with the assessor's minimum requirements and therefore was not eligible for a tax exemption; the question of the total thrust of the statute was not raised and the court was not required to determine whether additional requirements were pertinent.) If the Department of Revenue wishes to place some different duty upon the dealers, to produce some other proof, or to shift the burden to the county assessor to obtain sufficient documentary proof from some other source, it must take proper steps to do so. An agency changing its course must supply a reasoned analysis indicating that prior policies and standards are being deliberately changed, not casually ignored. *Sirbo Holdings, Inc. v. Commissioner,* 476 F2d 981, 987 (2d Cir 1973), 73-1 USTC ¶ 9312, 31 AFTR2d 73-1005; *International Union (UAW) v. NLRB,* 459 F2d 1329,

1341 (DC Cir 1972). *See also* Davis, *Administrative Law of the Seventies, Supplementing Administrative Law Treatise* § 17.07-4 (June 1976).

The intervenor, in a separate, affirmative answer and defense, had pleaded estoppel "because of the Plaintiff's failure to notify Intervenor as to his requirements and the difference in the requirements of Plaintiff's tax department as compared to his neighboring counties."

The plaintiff's representations to the intervenor, through the printed form, were clear, lawful and adequate. Nothing more was required. The requirements for estoppel are not present. *Jeld-Wen v. Dept. of Rev.,* 5 OTR 358, 362 (1973).

The department's opinion and order come under that category described in the well-known phrase "hard cases make bad law." The taxpayer-intervenor had used the department's official form in two other Oregon counties without any check or setback and had been lulled into a sense of security in so doing. When he entered a county in which the law was properly enforced, he was surprised and hurt. It appears that the department would like to make amends, but the intervenor's remedy, if any, has not been made clear to this court.

The department's Order No. VL 76-387 must be set aside and held for naught, the county's assessment must be restored and the county must be paid its taxes. Each party shall bear its own costs.