## IN THE OREGON TAX COURT

## SANDAHL
*v.*
## DEPARTMENT OF REVENUE
## (TC 1812)

Plaintiff Theodore S. Sandahl, Vancouver, Washington, appeared on his own behalf.

G. F. Bartz, Assistant Attorney General, Department of Justice, Salem, appeared for defendant.

Opinion and order denying motion rendered October 18, 1982.

### CARLISLE B. ROBERTS, Judge.

This matter came before the court upon the defendant's Motion to Dismiss the plaintiff's complaint "for the reason that the court lacks jurisdiction in this suit in that plaintiffs [sic] failed to exhaust their [sic] administrative remedies and the Department of Revenue refused to exercise its supervisory authority under ORS 311.205."

Argument on the motion was heard on Tuesday, October 12, 1982, at 9:30 a.m., in the United States Court of Appeals Courtroom, Pioneer Courthouse, Portland. Mr. Theodore S. Sandahl, a realtor, 8902 Mt. Lassen Avenue, Vancouver, Washington 98664, appeared on his own behalf; the Department of Revenue was represented by G. F. Bartz, Esq., Assistant Attorney General, Tax Section, Department of Justice, Salem.

Mr. Sandahl testified that he believed he had complied with all of the requirements of the statutes and should not be held to have failed to exhaust his administrative remedies. He is the owner of residential rental property in the Lake Oswego area. An assessment of $61,720 was placed upon this property as of the assessment date of January 1, 1981. He applied to the county assessor's office of Clackamas County for relief but got no satisfaction. The person with whom he dealt pointed out that he would have to appeal to the county board of equalization. He appealed to the county board of equalization of Clackamas County, was granted a hearing and presented his case to the board. His petition to the board was filed on June 15, 1981, and he was heard with respect to his nonhomestead property on the same day. He testified that at the end of his presentation there was some consultation by the members of the board and then he was told that he had filed too late under ORS 309.100. However, the board's form of order in which it denied his appeal stated that he had a further appeal to the state Department of Revenue. He did appeal to the Oregon Department of Revenue and was heard by an officer for the department on January 27, 1982. The department's Opinion and Order VL 82-270 recites:

"The evidence established that petitioner failed to file a timely appeal with the county board of equalization. The board issued an order denying relief for failure to timely file. Clearly, the department lacks jurisdiction under ORS 305.275.

"The only statutory authority which would confer jurisdiction on the department would be the department's supervisory authority pursuant to ORS 305.090, 306.111 and 311.205(2).

"ORS 311.205(2) provides, in pertinent part:

" '(2)   Whenever * * * error in valuation * * * is called to the attention of the department, the department may order

the correction of the roll *as a part of its supervisory authority* under ORS 305.090 and 306.111, as follows:

"* * * * *

" '(A) The taxpayer claims *for any reason* that the assessment of his property has resulted in an excessive valuation in an amount of $2,000 or five percent of assessed value, whichever is greater; and

" '(B) The taxpayer has *no statutory right of appeal remaining.*' " (Emphasis supplied.)

The department took jurisdiction of the matter under the supervisory power and heard the appeal on its merits. The Deputy Director decided that petitioner had failed to show how the sales prices indicated a market value of $45,000 for the subject property and noted that the respondent's evidence adequately supported the recorded assessment. The department's order then states:

"For the reasons set forth above, the department *declines to exercise its supervisory authority.*

"NOW THEREFORE, IT IS ORDERED that this appeal is denied." (Emphasis supplied.)

◼ At the bottom of page 4 of the opinion and order, the Department of Revenue appended the following paragraph, regularly used as an aid to the taxpayer when the right of further appeal exists:

"Notice: If you are dissatisfied with this decision, you may appeal it to the Oregon Tax Court, * * * within 60 days of the date of mailing shown above [March 15, 1982]. ORS 305.560."

Under this set of facts, the court finds that it has jurisdiction to hear the case on its merits. Oregon cases involving equitable estoppel, alone, would require this result.[1] However, the court also finds that the Department of Revenue has misread ORS 311.205(2).

◼ Mr. Sandahl's error was his ignorance of the requirement of ORS 309.100, requiring that owners of nonhomestead property shall file appeals to the county board of equalization "not later than the third Monday following the first week the board is required by law to be in session under ORS 309.040." This was May 31, 1981, according to the Department of

---

[1] *Portland Adventist Hospital v. Dept. of Rev.,* 8 OTR 381, 386-389 (1980).

Revenue's calendar, published in its 1981 edition of *Property Assessment and Taxation Laws and Administrative Rules.* Mr. Sandahl's filing was made on the following June 15. If the county assessor's staff and the county board of equalization had been alert, the taxpayer would have been advised of the time limitation, and that would have ended the matter. Where the time statute patently ends the right of appeal, the taxpayer should not be heard on the merits and then told to appeal further. On his appeal to the Department of Revenue and after a hearing on the merits, the department should not have held that it had no jurisdiction to hear the appeal but notified Mr. Sandahl that he had a right to appeal to the Oregon Tax Court, which it has done.

As this court has noted in another case,[2] what has been described as the department's "supervisory power" under ORS 305.090 and 306.111 appears to be broad and far-reaching, but the statutes themselves lack specificity and the department has not found it useful to promulgate guidelines in a satisfactory manner; in any event, there are no published rules under these sections. (The pertinent statutes should be "defined" on a case-by-case approach. *See Swenson v. Dept. of Rev.,* 6 OTR 234, 238 (1975).)

However, in ORS 311.205(2) (undoubtedly to solve problems involving equitable considerations) the legislature has given a partial definition to what *is included* within the supervisory power by providing that "the department may order the correction of the roll *as a part of its supervisory authority* under ORS 305.090 and 306.111, as follows:

"* * * * *

"(b) A change or correction applicable to a separate assessment of property may be made to the assessment roll for the current assessment year and for either or both of the last two preceding years, when the following conditions exist as to each year for which correction is requested of the department in writing:

"(A) The taxpayer claims for any reason that the assessment of his property has resulted in an excessive valuation in

² *Domogalla et al. v. Dept. of Rev.,* 7 OTR 242, 245-246 (1977), *aff'd* 283 Or 377, 584 P2d 256 (1978).

an amount of at least $2,000 or five percent of assessed value, whichever is greater; and

"(B)   The taxpayer has no statutory right of appeal remaining."

It follows that there is no question of jurisdiction. It is given to the department by the taxpayer's petition with its assertions of excess valuation "in an amount of at least $2,000 or five percent of assessed value, whichever is greater" and the lack of any remaining right otherwise to appeal. Nothing more is required.

Under the statute, after hearing the matter upon the merits, there is no justification for the department's order to conclude that "the department declines to exercise its supervisory authority," as if it were foreclosing the Tax Court's jurisdiction. The department has exercised its authority; the department has taken jurisdiction. All that is necessary is to approve the petition or to point out that the taxpayer has not borne the burden of proof through a preponderance of the testimony, as in any property valuation appeal. Thereupon, appeal can be taken to the Tax Court as in the usual situation.

Based upon the foregoing, the court finds that it has jurisdiction to hear plaintiff's case on the merits and it is so ORDERED. The defendant is allowed 20 days in which to answer or otherwise plead. The clerk of the court will consult with the parties to establish an acceptable date for trial in Oregon City, Oregon.