# IN THE OREGON TAX COURT

## J. R. SIMPLOT COMPANY
*v.*
## DEPARTMENT OF REVENUE
(TC 2812)

Steven H. Corey and Timothy P. O'Rourke, Corey, Byler, Rew, Lorenzen & Hojem, Pendleton, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion To Dismiss denied July 28, 1989.

## CARL N. BYERS, Judge.

This matter comes before the court on defendant's Motion To Dismiss. The underlying facts are:

Plaintiff appealed to the Umatilla County Board of Equalization for the assessment dates of January 1, 1985, and January 1, 1986. After hearings, the board issued its order for 1985 on July 10, 1985, and its order for 1986 on July 21, 1986. Plaintiff did not appeal from those orders within 30 days, as provided by ORS 305.280(3). Instead, plaintiff waited until November 25, 1987, at which time it petitioned defendant under ORS 306.115 for relief for both years on the basis of "gross error." Defendant did not act on plaintiff's petition within 12 months so plaintiff treated it as denied and appealed to this court. ORS 305.560(5).

The question raised by defendant's motion is whether a taxpayer may seek relief under ORS 306.115 after having begun the "normal appeal process." Defendant contends that plaintiff failed to exhaust its administrative remedies after the board of equalization. Defendant also maintains that plaintiff's initial appeal to the board of equalization precludes an appeal under ORS 306.115. Plaintiff's response is that ORS 306.115 contains no such limitations. A brief review of the normal appeal process and the legislative history of ORS 306.115 will be helpful.

■ There are four steps in the "normal" property tax appeal process. Two are administrative; first to the board of equalization (ORS 309.100), and second to the Department of Revenue (ORS 305.275). The third step is to the Tax Court for a trial de novo (ORS 305.560), and the last step is appeal to the Oregon Supreme Court (ORS 305.445). Appeals from one step to the next must be made within time limits. If a party fails to appeal to the next step, the step last completed becomes final.[1]

■ Defendant has long had supervisory authority over property taxes throughout the state. In 1983, the legislature consolidated the department's supervisory powers and made

---

[1] Orders of a board of equalization may be overturned by the department even though no appeal was taken to the department. ORS 309.400.

other changes.[2] Three separate statutes, ORS 305.090, 306.111 and 311.205, were combined into ORS 306.115. The 1983 version of ORS 306.115(3)(b), applicable in this case, gave defendant power to correct a separate assessment of property if:

"The department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal." Or Laws 1983, ch 605, § 1(3)(b).

One of the circumstances which the department deemed correctable was "gross error." The department struggled with the definition of "gross error" for some time. In 1984 it adopted OAR 150-306.115 which defined "gross error" as a difference of 30 percent or more between the assessed value and the claimed true cash value.[3]

Defendant argues that ORS 306.115 is an extraordinary remedy which applies only outside the normal appeals process, citing *ESCO Corp. v. Dept. of Rev.*, 307 Or 639, 772 P2d 413 (1989).

"Because ORS 306.115(3) involves an extraordinary remedy and provides the Department with authority to correct errors outside the normal appeals procedure, an appeal under the normal procedure, standing alone, does not invoke supervisory authority." 307 Or at 645.

That argument, however, does not answer the question. Plaintiff's petition to the department under ORS 306.115 is outside the normal appeal process. Plaintiff is seeking relief

---

[2] The legislature was also concerned with overcoming the holding of this court in *Sandahl v. Dept. of Rev.*, 9 OTR 251 (1982). That case held that if a taxpayer alleged in his petition to the department that his or her property was excessively valued by an amount of at least $2,000 or 5 percent, the then statutory test, defendant had no discretion; that it must conduct a hearing on the merits.

[3] The statute, ORS 316.115, was last amended in 1987. It now authorizes defendant to correct gross errors if:

"(3)(a)(B) The department discovers that with respect to the value given to the separate assessment of property on the assessment or tax roll that a gross error in value exists; * * *

"* * * * *

"(5)(b) A 'gross error in value' exists if the difference between the value claimed or requested for the property and the true cash value of the property as it appears on the assessment or tax roll is equal to or greater than 20 percent of the true cash value as it appears on the assessment or tax roll."

under ORS 306.115 precisely because it failed to pursue its remedies under the normal appeal process.

Defendant also points to the rather extensive legislative history which indicates that the legislature assumed ORS 306.115 applied only if the taxpayer missed going to the board of equalization.[4] While the evidence of such an assumption is plentiful in the legislative history, there is no indication of it in the statute.

■ In construing a statute, the first question for a court is: What does the statute provide? It is the statute, not the legislative history, which controls. *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981). After studying the statute, the court finds no language that precludes a claim of gross error under ORS 306.115(3)(b) after seeking relief under the normal appeal process.

■ Defendant's position would require the court to read a condition into the statute that is not there. Nowhere does the statute limit appeals for gross error to those cases where the taxpayer failed to appeal to the board of equalization. In fact, the statute in 1985 expressly stated "without regard to *any* failure to exercise a right of appeal." (Emphasis added.) Moreover, subsection (5) of ORS 306.115 provided:

> "The remedies provided under this section are in addition to all other remedies provided by law, including but not limited to those available under ORS 305.285."

It is worth noting that under subsection (3) of ORS 306.115 the department may also order a change or correction where:

> "(a) The assessor or taxpayer has no statutory right of appeal remaining and the department determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal[.]"

---

[4] For example:

"But under the old law, I mean, that's what's so confusing. You've got a system set up to go through a board of equalization. * * * Okay, now you're talking about when you skip the board of equalization then you're in another system called the supervisory, or under the supervisory powers." Minutes, Joint Interim Committee on Revenue and School Finance, Tape 66, Side A, July 11, 1986.

In its rule, OAR 150-306.115(3)(a), the department interprets what constitutes "no statutory right of appeal remaining." The rule provides:

"(a) For purposes of ORS 306.115(3)(a): (A) The assessor or taxpayer has no statutory right of appeal remaining if;

"(i) the statutory time limit for appealing to the department has passed, or if,

"(ii) the taxpayer or assessor has not properly exhausted prior administrative remedies and the deadline for exhausting such remedies has passed."

This rule allows a taxpayer who has appealed to the board of equalization to later seek relief under ORS 306.115(3)(a). In that circumstance, the taxpayer would have to show a "good and sufficient cause" for failing to follow the normal appeal process. The court fails to see how the department could exercise its supervisory authority in that circumstance but not where the issue is "gross error."

In view of the above, the court concludes that a taxpayer may petition the department for relief under ORS 306.115(3)(b) after having appealed to the board of equalization for that same year. Obviously, a taxpayer normally will not choose this route since ORS 306.115 requires a showing of "gross error." If the taxpayer fails to meet the "gross error" test, the appeal is dismissed without a hearing on the merits.

■ The court notes that its ruling in this area is intentionally narrow. The court is not ruling on whether a taxpayer may appeal under ORS 306.115(3)(b) after having taken any other steps in the normal appeal process. In those circumstances, res judicata and collateral estoppel may be applicable. These doctrines have been applied to administrative adjudications. *North Clackamas School Dist. v. White,* 305 Or 48, 750 P2d 485 (1988); *Lincoln County v. Dept. of Rev.,* 11 OTR 17 (1988). The doctrine of collateral estoppel might be applied here if plaintiff's adjudication before the board of equalization entailed "the essential elements of adjudication." Restatement (Second) of Judgments § 83 (1982). There is nothing in the record to establish whether the board of equalization hearing met the standards that would allow collateral estoppel to be applied.

It is also worth noting that an appeal under ORS 306.115 after going to the board of equalization is significantly different from an appeal under ORS 306.115 after any of the other three steps in the normal appeal process. The normal appeal from the board of equalization is to the Department of Revenue. An appeal to the department under ORS 306.115 is to the same level of administrative determination. Such would not be the case after any of the other three steps in the normal appeal process. Also, there is some question as to whether any order of the board of equalization is final as required to apply res judicata. This is because the department has power to override the board under ORS 309.400. In contrast, orders of the Department of Revenue as well as judgments by the Tax Court and the Supreme Court become final determinations unless a timely appeal is taken.

In view of the above, the court finds that defendant's Motion To Dismiss must be denied. Now, therefore,

IT IS ORDERED that defendant's Motion To Dismiss be, and hereby is, denied.