IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| CASCADE ENFORCEMENT AGENCY, INC., | ) ) ) | |
| Plaintiff, | ) ) | TC-MD 180103R |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | **ORDER GRANTING** |
| | ) | **DEFENDANT'S MOTION** |
| Defendant. | ) | **FOR SUMMARY JUDGMENT** |

This matter is before the court on Defendant's motion for summary judgment (Motion) filed on August 17, 2018. Plaintiff filed its opposition to the Motion on September 7, 2018. Defendant filed a reply on September 24, 2018. Neither party requested oral argument on the Motion.

## I. FACTS

The essential facts of the case are not in dispute. On May 6, 2015, Defendant mailed Plaintiff a notice entitled "Request to file W2s through iWire." (Def. Ex A.) The notice states in pertinent part:

> "We have not received your W-2 information for tax year 2014, which was due March 31 of the following year. (ORS 314.385).
> "We only accept electronically filed W-2s. Paper W-2s or other forms of media are no longer accepted. * * *
> "If you fail to submit W-2 information returns electronically within 30 days of the date of this notice, you may be subject to penalties under ORS 316.202."

Plaintiff did not file its 2014 W-2 information electronically within the 30 days of the May 6, 2015 notice and consequently Defendant mailed Plaintiff a "Notice of Special Penalty Assessment" imposing a penalty of $2,500. (Def. Ex B.) Defendant subsequently granted Plaintiff's request to waive the penalty on July 27, 2015. (Def. Ex C.)

On April 22, 2016, Defendant mailed Plaintiff a "Request to file W2s through iWire" for the 2015 tax year. The notice contained the same language about the 30-day response time, mandatory electronic filing, and penalty provisions as in the prior year's notice. (Def. Ex E.) Plaintiff again did not file its W-2 information electronically within the 30-day period.[1] On June 21, 2016, Defendant mailed Plaintiff a "Notice of Special Penalty Assessment" imposing a penalty of $23,500 for "knowingly failing to file" W-2s electronically as required. (Def's Ex F.)

## II.  ANALYSIS

The issues to be decided are (1) whether Defendant is authorized by ORS 305.100[2] to promulgate a rule requiring businesses to file W-2 reports and provide substantiation to the Department of Revenue electronically, and, if so, may the department impose a penalty for failure to follow the rule; (2) whether a penalty imposed under ORS 316.202(5)(b) and OAR 150-316-0359 is mandatory or discretionary; and (3) whether the penalty imposed was properly applied.

ORS 316.167 generally imposes an obligation on employers to withhold a specified amount of tax from wages paid to employees and report those withholdings to the department as described in ORS 316.168 to 316.202. Employers must file an annual return pursuant to ORS 316.202(3). ORS 316.202 provides in pertinent part:

> "(1) With each payment made to the Department of Revenue, every employer shall deliver to the department, on a form prescribed by the department showing the total amount of withheld taxes in accordance with ORS 316.167 and316.172, and supply such other information as the department may require. * * *
> * * * * *
> "(3) The employer shall make an annual return to the department on forms provided or approved by it, summarizing the total compensation paid and the

---

[1] Plaintiff asserts that it timely filed paper copies for the 2015 tax year. (Ptf's resp at 2.) No evidence was presented in support of that assertion. However, the court does not deem this fact necessary to a determination of the Motion.

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2013.

taxes withheld for all employees during the calendar year and shall file the same with the department on or before the due date of the corresponding federal return for the year for which report is made. Failure to file the annual report without reasonable excuse on or before the 30th day after notice has been given to the employer of failure subjects the employer to a penalty of $100. The department may by rule require additional information the department finds necessary to substantiate the annual return, including but not limited to copies of federal form W-2 for individual employees, and may prescribe circumstances under which the filing requirement imposed by this subsection is waived.
* * * * *
"(5) In addition to the penalty required under subsection (3) of this section and any other penalty required by law:
(a) A person who fails to file a report required under this section, or who files an incomplete or incorrect report, shall be subject to a penalty of $50 per report after the date on which the report is due, up to a maximum penalty of $2,500.
(b) A person who knowingly fails to file a report required under this section, or who knowingly files an incomplete, false or misleading report, shall be subject to a penalty of $250 per report after the date on which the report is due, up to a maximum penalty of $25,000."

Defendant argues that the department has the authority to require additional information from employers and did so by its rule making authority contained in ORS 305.100 by promulgating OAR 150-316-0359.[3]  Plaintiff argues that the penalty contained in OAR 150-316-0359 goes beyond the authority granted by statute and is actually contrary to the statute.  Plaintiff further argues that the department's action is unwarranted because "the penalty is not related to the manner of filing" but only for a failure to substantiate the information.

---

[3] This 2013 version of this rule was numbered 150-316-202(3) and provided in pertinent part:

"The information in the withholding statement (Form W2) must be filed electronically with the department as follows:
"(A) If the employer has 250 or more employees, electronic filing of W2s is required beginning with calendar year 2009 information returns;
"(B) If the employer has less than 250 employees and uses a payroll service provider, electronic filing of W2s is required beginning with calendar year 2009 information returns;
"(C) If the employer does not use a payroll service provider and has:
"(i) Less than 250 employees, electronic filing of W2s is required beginning with calendar year 2010 information returns.
"(ii) Less than 50 employees, electronic filing of W2s is required beginning with calendar year 2011 information returns.
"(e) Under ORS 314.385, the due date for electronic filing of W2s for Oregon purposes is the same as the federal due date for electronically filed W2s; March 31 following the close of the calendar year."

We start by considering the general grant of rule-making authority the legislature gave to the department in ORS 305.100. The department is authorized to "[m]ake such rules and regulations it deems proper to regulate its own procedure and to effectually carry out the purposes for which it is constituted." ORS 305.100(1). Pursuant to that statute, the department promulgated a rule requiring employers to file periodic and annual withholding reports, the forms required, the deadlines, and the manner by which they should be filed. "Rules [of an administrative agency] must be appropriate, reasonable, within the limitations of the law for the enforcement of which they are provided. They must be consistent with the law and of such a nature as to tend to its enforcement. [Citations omitted.]" *Byer v. Dept. of Rev*., 7 OTR 172, 178 (1977) (citing, *McCarthy v. Coos Timber Co.,* 208 Or 371, 390, 302 P2d 238, 247 (1956).)

The department's rule requiring electronic filing of W-2 information appears well with within its discretion. The statute requires employers to deliver to the department quarterly and annual reports, but it does not describe where or how that report is to be filed. It is completely within the department's delegated authority to make rules on how and where reports are to be filed. "An administrative agency is not required to adopt rules for every facet of its responsibilities." *Swenson v. Dep't of Rev*., 6 OTR 234, 237 (1975), *aff'd*, 276 Or 1, 553 P2d 351 (1976). Failure to file the report with the department is also a failure to provide substantiation. Even if it were not, the department's letters to Plaintiff were sufficient to constitute a request for substantiation and Plaintiff did not comply by filing the required W-2 forms electronically. Defendant has the authority to impose a penalty against Plaintiff for failing filing to file and substantiate its annual W-2 report pursuant to OAR 150-316-202(3).

The next issue is whether the penalty is mandatory or discretionary. Defendant argues "these penalties are not eligible for waiver under the Department's discretionary authorities in

ORS 305.145." (Motion at 5.) Plaintiff argues the opposite. ORS 305.145(4) provides:

> "The department may establish by rule instances in which the department may, in its discretion, waive any part or all of penalties provided by the laws of the State of Oregon that are collected by the department. Rules adopted under this subsection are limited to the waiver or reduction of penalties in cases where:
> "(a) Good and sufficient cause exists for the actions of a taxpayer that resulted in the imposition of a penalty;
> "(b) The actions of a taxpayer that resulted in the imposition of a penalty constitute a first-time offense on the part of the taxpayer; or
> "(c) The actions of the department enhance long-term effectiveness, efficiency or administration of the tax system."

The department did establish a rule, OAR 150-305-0062, pursuant to ORS 305.145(4). That rule provides, in pertinent part, "[p]enalties assessed under ORS 314.360(4)(b) or 316.202(5)(b) are *not* eligible for waiver consideration." OAR 150-305-0062(3) (emphasis added.) Further, ORS 316.202(5)(b) uses the term "shall" in describing the imposition of a penalty. The court agrees with Defendant that a penalty under ORS 316.202(5)(b) is mandatory.

The remaining issue is whether the penalty was properly applied. Defendant presented evidence that Plaintiff was given notice to file its W-2 report electronically for the 2014 tax year and it waived a penalty imposed at Plaintiff's request. Defendant also presented evidence that the next year Plaintiff again failed to file its W-2 report for the 2015 tax year after being given notice to do so. Defendant has met its burden of persuasion that Plaintiff knowingly failed to file and substantiate its report as required by ORS 316.202(3). Plaintiff did not present any contrary evidence or even argue the issue. Based on the evidence presented, Defendant's motion for summary judgment should be granted. Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS ORDERED that Defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that the court will issue a Decision in this matter after running of the time periods in Tax Court Rule-Magistrate Division TCR-MD 16.

Dated this ____ day of March 2019.

_____
RICHARD DAVIS
MAGISTRATE

***This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.***

***This document was signed by Magistrate Richard Davis and entered on March 8, 2019.***