37 N.J. Super. 376 (1955)
117 A.2d 415
WILLIAM HOWE DAVIS, DIRECTOR, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, PLAINTIFF-RESPONDENT,
v.
NEW TOWN TAVERN, INC., A CORPORATION, T/A NEW TOWN TAVERN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 8, 1955.
Decided August 12, 1955.
*377 Before Judges CONFORD, SULLIVAN and KNIGHT.
Mr. Joseph Tomaselli argued the cause for defendant-appellant (Messrs. Malandra & Tomaselli, attorneys).
Mr. Samuel B. Helfand, Deputy Attorney-General, argued the cause for plaintiff-respondent (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
The appeal here is from imposition of penalty by the plaintiff upon defendant, holder of a license for sale of alcoholic beverages for consumption on the premises, by reason of alleged violation of regulations promulgated by the Director.
The first charge is that there was permitted upon the premises "lewdness and immoral activity," this constituted by a dance performance by a female entertainer. An investigator of the Division of Alcoholic Beverage Control testified to his observations of the performance in question. We deem it unnecessary to recount the details. Suffice it to say that we conclude the testimony gave substantial foundation for the inference that the predominant object and natural effect upon the observers-patrons of one portion of the performance was erotic excitation. Thus, whether we apply the rule of "substantial evidence," generally applicable to measure the *378 scope of judicial review of this kind of administrative adjudication, In re Larsen, 17 N.J. Super. 564 (App. Div. 1952); Mazza v. Cavicchia, 28 N.J. Super. 280 (App. Div. 1953), reversed on other grounds 15 N.J. 498 (1954), or exercise our power to make an independent finding as to the facts, as defendant suggests we should, we would conclude that lewdness and immoral activity took place. We are not impressed with the testimony of the defendant's witnesses to the effect that the rendition in question was a bona fide dance in the sense of art or entertainment, rather than the dirty exhibition the Director concluded it to be. Cf. Mitchell v. Cavicchia, 29 N.J. Super. 11, 14 (App. Div. 1953); McFadden's Lounge, Inc., v. Division of Alcoholic Beverage Control, 33 N.J. Super. 61, 64-68 (App. Div. 1954). And see Adams Theatre Co. v. Keenan, 12 N.J. 267, 272 (1953).
What is lewdness or immorality for purposes of a rule regulating premises licensed for the sale of alcoholic beverages may be determinable on a distinctly narrower basis than for purposes of regulation of commercial entertainment generally. (See the McFadden's Lounge case, supra, 33 N.J. Super., at page 68).
The second charge found sustained by the Director was that the defendant "possessed and allowed, permitted and suffered" prophylactic devices and contraceptives in and upon the premises. The testimony of the investigator was that some dozen packages of rubber contraceptives were found in a bag owned by a washroom attendant at the premises and some additional packages in the men's room; that upon confrontation of the attendant with the articles in the presence of the defendant's manager, he said he sold them for half a dollar a package. At the hearing the manager and the attendant testified that the former knew nothing about the presence of the contraceptives on the premises and on this basis it is now contended that defendant is not shown to have possessed the articles or allowed, permitted, etc., such possession. We think the testimony fairly sustains the conclusion that if the defendant's manager did not actually know of the presence of the articles, he could have so *379 apprised himself by reasonable supervision of the attendant; and that a failure so to do followed by the present result constitutes the allowance or permission of their possession on the premises, within the fair construction of the regulation in the light of its salutary object. See Mazza v. Cavicchia, supra (15 N.J., at page 509).
Affirmed.