93 N.J. Super. 230 (1966)
225 A.2d 593
JEANNE'S ENTERPRISES, INC., T/A LE BISTRO, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, AND JOSEPH P. LORDI, DIRECTOR OF THE DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1966.
Decided February 3, 1966.
*231 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Morris Brown argued the cause for appellant (Messrs. Wilentz, Goldman & Spitzer, attorneys).
Mr. Samuel B. Helfand, Deputy Attorney General, argued the cause for respondents (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Avrom J. Gold, Deputy Attorney General, of counsel).
PER CURIAM.
We affirm the order of the Director of the Division of Alcoholic Beverage Control in suspending plaintiff's plenary retail consumption license for violation of the Division's Regulation 20, Rule 5, which provides:
"No licensee shall allow, permit or suffer in or upon the licensed premises any lewdness, immoral activity, or foul, filthy or obscene language or conduct * * *." *232 The factual findings are supported by substantial evidence. Hornauer v. Div. of Alcoholic Beverage Control, 40 N.J. Super. 501, 504 (App. Div. 1956).
The right of free speech protected by the First Amendment and mirrored in the Fourteenth of our Federal Constitution is not absolute at all times and under all circumstances. The conduct of those who have been granted the special privilege of vending alcoholic beverages at a designated location "may lawfully be tightly restricted to limit to the utmost the evils of the trade." McFadden's Lounge v. Div. of Alcoholic Bev. Control, 33 N.J. Super. 61, 68 (App. Div. 1954). The Director's action herein was a reasonable exercise of the supervisory province entrusted to him by the Legislature. There is no sound basis for our interference therewith.
The Pearl Williams performance on the licensed premises constituted, in part, "lewd activity," and the principal subject matter of her monologue was "foul, filthy and obscene" within the broad construction of that phraseology justified in a liquor licensing context.
Affirmed.