112 N.J. Super. 577 (1971)
272 A.2d 302
IN RE: IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST CLUB "D" LANE, INC. t/a CLUB "D" LANE 2005 EAST LINDEN AVENUE LINDEN, NEW JERSEY HOLDER OF PLENARY RETAIL CONSUMPTION LICENSE C-12, ISSUED BY THE MUNICIPAL BOARD OF ALCOHOLIC BEVERAGE CONTROL AT THE CITY OF LINDEN.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1970.
Decided January 4, 1971.
*578 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Louis M. Minotti argued the cause for appellant (Mr. Donald W. Rinaldo, attorney).
Mr. William Bayers, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by MINTZ, J.A.D.
Defendant appeals from an order of the Division of Alcoholic Beverage Control suspending defendant's plenary retail consumption license for 30 days.
The following specific charge was preferred against defendant:
On January 14 and 15, 1969, you allowed, permitted and suffered lewdness and immoral activity in and upon your licensed premises, viz., in that you allowed, permitted and suffered female persons to perform on your licensed premises for the entertainment of your customers and patrons in a lewd, indecent and immoral manner; in violation of Rule 5 of State Regulation No. 20.
*579 Rule 5 of State Regulation 20 provides that:
No licensee shall engage in or allow, permit or suffer in or upon the licensed premises any lewdness, immoral activity or foul, filthy, indecent or obscene language or conduct, or any brawl, out of violence, disturbance or unnecessary noise; nor shall any licensee allow, permit or suffer the licensed place of business to be conducted in such a manner as to become a nuisance.
Concededly, on the stated dates entertainment was supplied at defendant's premises, on January 14 by two go-go dancers and on January 15 by one such dancer, wearing transparent bibs and pasties covering only the nipples on their breasts.
Defendant argues that "lewdness and immoral activity" is to be determined in accordance with the criteria set forth in N.J.S.A. 2A:115-1.1, the statute dealing with obscenity, which incorporates the First Amendment right as defined by the United States Supreme Court. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), rehearing den. 355 U.S. 852, 78 S.Ct. 8, 2 L.Ed.2d 60 (1957); A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Mass., 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).
A license to sell intoxicating liquor is not a contract nor is it a property right. Rather, it is a temporary permit or privilege to pursue an occupation which is otherwise illegal. Since it is a business attended with danger to the community, it may be entirely prohibited or be permitted under such conditions as will limit to the utmost its evils. Mazza v. Cavicchia, 15 N.J. 498, 505 (1954).
We are not here concerned with the censorship of a book, nor with the alleged obscenity of a theatrical performance. "Our immediate interest and attention is confined to the disciplinary action taken against the licensee of a public tavern, whose privileges may lawfully be tightly restricted to limit to the utmost the evils of the trade." McFadden's Lounge, Inc. v. Div. of Alcoholic Bev. Control, 33 N.J. Super. 61, 68 (App. Div. 1954). Lewdness or immorality *580 for the purpose of alcoholic beverage control may be determinable on a distinctly narrower basis than for purposes of regulation of commercial entertainment generally. Davis v. New Town Tavern, 37 N.J. Super. 376, 378 (App. Div. 1955); Jeanne's Enterprises, Inc. v. New Jersey, etc., 93 N.J. Super. 230 (App. Div. 1966), aff'd o.b. 48 N.J. 359 (1966).
The public policy of this State strictly limiting the type of permissible entertainment in taverns was recently declared in Paterson Tavern & Grill Owners Ass'n Inc., v. Hawthorne, 108 N.J. Super. 433, 438 (App. Div. 1970), rev'd on other grounds, 57 N.J. 180 (1970), where the court stated:
The ordinance seeks to ban from Hawthorne's taverns and other licensed premises the "topless" and "bottomless" entertainer or dances. The community has a right to protect itself against this kind of an immoral atmosphere which exists elsewhere in the United States. Such so-called "entertainment" is nothing more or less than an appeal to the prurient interest. It is bait to bring customers to the bar and hold them there, for the obvious purpose of increasing the sale of alcoholic beverages. It may be validly curbed, as Hawthorne provides in its ordinance.
Finally, defendant contends it received an advisory opinion from a Deputy Director of the Division to the effect that the apparel would not be violative of State law. This was denied. The hearer for the Director in the present case correctly noted that at best this argument might be urged to indicate that defendant's conduct was not willful and that there were mitigating circumstances to be considered. He pointedly stated that all licensees are charged with knowledge of the admonition of former Director Joseph P. Lordi expressed in an earlier proceeding against a licensee charged with employing "topless" female employees, set forth in Bulletin 1778, Item 5, reprinted in Bulletin 1805 Item 1, as follows:
In passing, however, I wish emphatically to advise all licensees, that so called "topless" female employees, whether entertainers or otherwise, and whether with pasties described by the Division agents *581 or the larger ones described by the licensee's witnesses, will not be tolerated on licensed premises in this State.
The Director's action was a reasonable exercise of the supervisory power entrusted to him by the Legislature, and we perceive no basis to disturb his determination.
Affirmed.